STATE BANK OF BURLEIGH COUNTY TRUST COMPANY, now known as United Bank of Bismarck, Plaintiff and Appellee,

v.

Gary L. PATTEN, Defendant and Appellant,

and

Valery Patten; Jerome Robidou, a/k/a Jerome W. Robidou, and Meta Robidou; Dakota Northwestern Bank National Association; Dakota Sand & Gravel Company; Kim Gregory Grinolds; Dakota Chiropractic Clinic; Collection Bureau, Inc.; Charles A. Morton; and Charles A. Snyder, d/b/a Charley's Standard Service, Defendants.

UNITED BANK OF BISMARCK formerly State Bank of Burleigh County Trust Co., a North Dakota Banking Corporation, Plaintiff and Appellee,

v.

Gary L. PATTEN, Defendant and Appellant,

Valery Patten, Defendant.

Civ. Nos. 10692, 10693.

Supreme Court of North Dakota.

Oct. 30, 1984.

Wheeler, Wolf, Peterson, Schmitz, McDonald and Johnson, Bismarck, for plaintiff and appellee; argued by Jo Wheeler Johnson, Bismarck.

Gary L. Patten, Bismarck, pro se.

Dwight C.H. Kautzmann, Mandan, for defendant Valery Patten.

PEDERSON, Justice.

Patten appeals from a district court order which denied his motion under Rule 60(b), NDRCivP, to set aside the judgments in a chattel mortgage foreclosure action and a real property foreclosure action. We affirm.

United Bank of Bismarck (United Bank), formerly the State Bank of Burleigh County, loaned Patten and his wife Valery (they have since been divorced) varying amounts of money in several different transactions from 1979 through 1982. The loans were secured, among other things, by cattle.[1] In October 1982 United Bank brought an action to foreclosé on certain chattel properties that the Pattens had pledged to the bank.

The summons and complaint in the chattel mortgage foreclosure action, and other documents, were served personally upon Gary Patten in Burleigh County and upon Valery Patten in Mercer County. Valery Patten's attorney filed an answer on Valery's behalf and Gary Patten's attorney, Russell Myhre, filed an answer and return to motions on Gary's behalf. The district court issued its order allowing United Bank to take possession of various chattel property, sell the property and apply the proceeds to the indebtedness. Notice of entry of that order was served by mail on the respective counsel on November 17, 1982.

---

1. In connection with the livestock loan, Patten was charged with and convicted in October 1983 of defrauding a secured creditor. We recently affirmed that conviction. *State v. Patten,* 353 N.W.2d 26 (N.D.1984).

A report regarding compliance with the November order was filed with the court in late December 1982 and copies of the report were served by mail on the parties' attorneys.

United Bank then filed a motion for summary judgment in the chattel mortgage foreclosure proceeding on July 12, 1983. Hearing on the motion was scheduled for July 25, 1983. All of the documents pertinent to the motion and hearing were served by mail upon Gary Patten at the Burleigh County Jail, where he was incarcerated, and upon his attorney. Valery Patten appeared at the July 25 hearing on her own behalf, but there was no appearance by her attorney. Neither Gary Patten nor his attorney appeared. The court granted United Bank's motion and judgment was entered on August 24, 1983. Notice of entry of judgment was filed on October 17, 1983 and was served upon Gary Patten at the State Penitentiary.

In the real estate foreclosure action, Valery Patten was personally served with the summons and complaint on January 26, 1983. Because Gary Patten could not be found for personal service, service upon him was made by publication in accordance with Rule 4(e), NDRCivP. Neither Gary Patten nor Valery Patten filed an answer in the foreclosure action. United Bank then filed a motion for default judgment. A hearing on the motion was set for July 25, 1983. The notice of motion, motion and other relevant documents were properly served by mail upon Gary Patten at the Burleigh County Jail and upon Patten's attorney. Neither Patten nor his attorney appeared at the hearing and a default judgment was entered on July 25, 1983, as was a special execution order. The sale was conducted in accordance with law and a report of sale and order for confirmation of sale were filed on October 31, 1983. The record does not show that Patten or his attorney were served with the report of sale or order for confirmation of sale.

In April 1984 Patten moved pursuant to Rule 60(b), NDRCivP, to set aside the July 25, 1983 real estate foreclosure default judgment and the October 17, 1983 summary judgment in the chattel mortgage foreclosure action. Patten contended that his attorney had not properly advised him of the foreclosure actions and had not represented Patten as they had discussed in conversations at the jail. Patten also alleged that he had requested permission to attend the hearing, but was not allowed to, for unknown reasons. The district court entered an order denying Patten's motions to set aside the judgments because Patten had no interest in the property,[2] had offered no viable defense, and was represented by counsel at all times during the proceedings. Patten filed a timely appeal to this court from the order denying his Rule 60(b) motions.

■ In his brief on appeal, Patten raises five "issues" which essentially allege that he was denied his Sixth Amendment right to receive effective assistance of counsel, that he was denied his due process right to a meaningful opportunity to be heard, and that United Bank had committed fraud and deceit in the transactions underlying the foreclosure actions. Patten urges us to be somewhat lenient with him since he acted pro se on his motion and is also representing himself on the appeal. We have said previously that "we do not conclude that parties who choose to represent themselves should be allowed any more or any less consideration than parties represented by counsel." *Lang v. Basin Electric Power Cooperative*, 274 N.W.2d 253, 259 (N.D. 1979). We see no reason to depart from that conclusion in this case.

■ Under Rule 60(b), NDRCivP, a party or his legal representative may be relieved from a final judgment or order in any action or proceeding, for the following reasons:

> "(i) mistake, inadvertence, surprise, or excusable neglect;

**2.** The judgment entered in Patten's divorce action on May 16, 1983 awarded Valery Patten all of the property which was the subject of the real estate foreclosure action.

"(ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

"(iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

"(iv) the judgment is void;

"(v) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

"(vi) any other reason justifying relief from the operation of the judgment."

The moving party, in this case Patten, has the burden of establishing that there are sufficient grounds for disturbing the finality of the judgment or order. *Gajewski v. Bratcher*, 240 N.W.2d 871, 886 (N.D.1976).

■ When we review a lower court's ruling on a Rule 60(b) motion, we are limited to a determination of whether or not the court abused its discretion, and we will not overturn that court's decision merely because it is not the one we may have made if we were deciding the motion. *State v. Red Arrow Towbar Sales Co.*, 298 N.W.2d 514, 516 (N.D.1980), citing *Small v. Burleigh County*, 239 N.W.2d 823 (N.D.1976). The only subsection of Rule 60(b) which is not left to the court's discretion is subsection (iv) because a court has no discretion to protect a void judgment. Patten presented no evidence to support his motion under that subsection and we find none in the record.

■ Turning to the other five subsections of Rule 60(b) and the "issues" Patten raises on appeal, we must examine them under the abuse of discretion standard. Patten's argument that his Sixth Amendment right to effective assistance of counsel was violated is applicable only to criminal proceedings and is not relevant to this civil appeal. Furthermore, the record indicates that Patten specifically requested that Mr. Myhre represent him in these matters and asked that Mr. Myhre be substituted as counsel in his divorce action and in a criminal matter that were contemporaneous with these foreclosure actions. Under such circumstances he cannot now claim that he deserves protection from his own conscious choice of counsel.

The record also shows that Patten and his counsel were properly served under the rules with all the documents in the foreclosure actions, had notice of the hearings and had an opportunity to be heard. Routine records from the Burleigh County Jail fail to support a conclusion that Patten asked to attend the July 25 hearing. Although Patten did not specifically raise the issue of a due process violation in the lower court, his affidavit in support of his motion does contain an assertion that he was not allowed to attend the hearing and we are satisfied that the district court considered that assertion but concluded otherwise.[3]

■ Patten finally argues that United Bank committed fraud and deceit in making the underlying loan transactions.[4] We find nothing in the record to substantiate those allegations and those issues were not raised in the lower court on the motions to reopen the judgments. We cannot consider them for the first time on appeal. *Allen v. Kleven*, 306 N.W.2d 629, 633 (N.D.1981).

We conclude that the district court did not abuse its discretion in denying Patten's motions to set aside the judgments in the civil foreclosure actions and, accordingly,

3. We discussed matters of due process for prisoners involved in civil matters in *In Interest of F.H.*, 283 N.W.2d 202, 209 (N.D.1979).

4. To support his contention that United Bank had orally agreed to release a one-acre tract of land from its mortgage, Patten offered as an exhibit at oral argument a copy of a September 24, 1979 loan agreement. We received the exhibit under advisement and noted opposing counsel's objection. The agreement is not part of the record on appeal and we have not considered it in our disposition of this case.

the order denying the Rule 60(b) motion is affirmed.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.