Filed 5/11/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 86

Citibank (South Dakota), N.A., Plaintiff and Appellee

v.

Randall O. Peterson, Defendant and Appellant

No. 20100345

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable John T. Paulson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Eeva Marie Greenley (submitted on brief), 300 N.P. Avenue, Suite 105, P.O. Box 2427, Fargo, ND 58108-2427, for plaintiff and appellee.

Randall O. Peterson (argued), self-represented, P.O. Box 5, Nome, ND 58062, defendant and appellant.

Citibank (South Dakota) v. Peterson

No. 20100345

Crothers, Justice.

[¶1] Randall O. Peterson appeals from the district court order denying his motion for reconsideration of the default judgment entered against him for a credit card debt owed to Citibank (South Dakota), N.A., and from the district court default judgment entered against him.  We affirm.

I

[¶2] On July 19, 2010, Citibank filed a complaint alleging Peterson failed to pay the amount due on a credit card debt.  Peterson filed what he called a “special appearance only for the limited purpose of dismissal with prejudice and award costs and fees and judicial notice.”

[¶3] Citibank opposed the motion to dismiss, arguing Peterson has not stated a valid reason to dismiss the claim.  The district court denied Peterson’s motion to dismiss.  Citibank moved for default judgment, arguing Peterson has not answered the complaint.  Peterson filed with the district court a lawyer disciplinary complaint he previously sent to the disciplinary board and a “notice of tacit admission.”  On September 13, 2010, the district court entered a judgment by default, ordering Peterson to pay Citibank $2,708.95.  Peterson moved for reconsideration, and the district court denied the motion.  Peterson appeals.

II

[¶4] Peterson’s notice of appeal states he is appealing three orders, two affidavits, two “brush offs,” a notice, a “statement,” a judgment and a purported failure of the clerk of court to file papers.  “Only judgments and decrees constituting a final judgment and specific orders enumerated by statute are appealable.”  
Investors Title Ins. Co. v. Herzig
, 2010 ND 138, ¶ 23, 785 N.W.2d 863.  Here, only the default judgment and the order denying reconsideration are appealable under section 28-27-

02, N.D.C.C.

[¶5] Peterson did not specify which rule he was using to request reconsideration of the default judgment.  However, a N.D.R.Civ.P. 60(b) motion is the only way to open a default judgment and to reach the merits of the judgment.  
Overboe v. Odegaard
, 496 N.W.2d 574, 577 (N.D. 1993).  Because Peterson’s motion for reconsideration asks for relief from the default judgment, we review it as a motion under Rule 60(b), N.D.R.Civ.P.  
See
 
Filler v. Bragg
, 1997 ND 24, ¶ 8, 559 N.W.2d 225 (“When looking at a pleading or motion, we will consider the motion’s substance rather than its title to determine the proper nature of the pleading.”).  “On appeal, to establish a basis for relief under N.D.R.Civ.P. 60(b) from a district court’s denial of a motion for relief from a default judgment, a party must show the district court abused its discretion.”  
American Bank Ctr. v. Schuh
, 2010 ND 124, ¶ 9, 784 N.W.2d 468 (quoting 
Shull v. Walcker
, 2009 ND 142, ¶ 13, 770 N.W.2d 274).  “A district court ‘abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.’”  
American Bank Ctr.
, at ¶ 9 (quoting 
Shull
, at ¶ 13).

[¶6] Under Rule 60(b), N.D.R.Civ.P., the district court can relieve a party from a final judgment for:

“(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.”

[¶7] In determining whether the district court abused its discretion by denying Peterson’s 60(b) motion, we only consider issues Peterson raised in his motion to the district court.  
State Bank of Burleigh County Trust Co. v. Patten
, 357 N.W.2d 239, 242 (N.D. 1984).

A

[¶8] Peterson argues his due process rights were violated because the district court never held a hearing.  In 
Gustafson v. Poitra
, we explained:

“A person is denied due process when defects in the procedure employed might lead to a denial of justice.  The fundamental requirements of due process are notice and a fair opportunity to be heard.  Due process requires that parties be afforded a meaningful opportunity to present objections.”  

2008 ND 159, ¶ 15, 755 N.W.2d 479 (quoting 
State v. Ehli
, 2003 ND 133, ¶ 10, 667 N.W.2d 635) (internal citations omitted).  Peterson had the opportunity to present his issues to the district court in an answer.  He did not file one.  Any subsequent process to which Peterson was denied was the result of his failure to answer the complaint.  Peterson’s due process rights were not violated, and the district court did not abuse its discretion by denying Peterson’s motion for reconsideration on this ground.

B

[¶9] Peterson asserts the district court judge had a conflict of interest because of the district court judge’s use of credit cards raises the appearance of impropriety.  Canon 3(E)(1) of the North Dakota Code of Judicial Conduct requires a judge to disqualify himself from a proceeding where his “impartiality might reasonably be questioned.”  We have explained, “The test for the appearance of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality.”  
Woodward v. Woodward
, 2010 ND 143, ¶ 9, 785 N.W.2d 902.  The record contains no evidence the judge uses credit cards or, assuming he does, how the mere use of credit cards constitutes or creates partiality requiring recusal.  We conclude the district court did not abuse its discretion by denying the motion because

Peterson’s assertion of impartiality is vague and does not provide a reason to disturb a final judgment under Rule 60(b), N.D.R.Civ.P.

C

[¶10] Peterson raised several substantive defenses in his motion for reconsideration and on appeal.  Rule 60(b), N.D.R.Civ.P., gives courts discretion to provide relief from judgments.  However, “this power is not provided in order to relieve a party from free, calculated and deliberate choices he has made.  The party remains under a duty to take legal steps to protect his interests.”  
Beaudoin v. South Texas Blood & Tissue Ctr.
, 2005 ND 120, ¶ 34, 699 N.W.2d 421 (quoting 
In re Braun
, 145 N.W.2d 482, 484 (N.D. 1966)).  Peterson chose not to raise the issues in an answer.  
See
 N.D.R.Civ.P. 12.  Rule 60(b), N.D.R.Civ.P., does not provide relief from Peterson’s decision not to serve and file an answer to the complaint.

[¶11] The district court did not abuse its discretion by denying Peterson’s motion for reconsideration because none of the issues he raised entitled him to relief from the judgment under Rule 60(b), N.D.R.Civ.P.

III

[¶12] Peterson asserts the district court did not have personal jurisdiction to hear this case.  Peterson did not raise the personal jurisdiction issue in his motion to reconsider.  We generally do not consider issues raised for the first time on appeal.  
Rutherford v. BNSF Ry. Co.
, 2009 ND 88, ¶ 13, 765 N.W.2d 705 (“It is axiomatic that an issue or contention not raised or considered in the lower court cannot be raised for the first time on appeal from judgment.” (quoting 
John T. Jones Constr. Co. v. City of Grand Forks
, 2003 ND 109, ¶ 18, 665 N.W.2d 698)); 
State Bank of Burleigh County Trust Co.
, 357 N.W.2d at 242 (issue not raised to district court in Rule 60(b), N.D.R.Civ.P., motion cannot be considered on appeal).  Therefore, the issue of personal jurisdiction is not properly before this Court.

[¶13] Peterson claims the district court did not have subject-matter jurisdiction over this case.  “[S]ubject matter jurisdiction cannot be waived and can be raised sua sponte at anytime.”  
In re M.W.
, 2010 ND 135, ¶ 5, 785 N.W.2d 211 (quoting 
Trottier v. Bird
, 2001 ND 177, ¶ 5, 635 N.W.2d 157).  We therefore consider Peterson’s argument even though it was not made in the district court.  “The constitutional grant of original jurisdiction to the district court creates a court of general jurisdiction with the power to determine all controversies which can possibly be made the subject matter of a civil action.”  
Rudnick v. City of Jamestown
, 463 N.W.2d 632, 636 (N.D. 1990).  The district court had subject-matter jurisdiction over the claim.

[¶14] Peterson argues the district court erred when it obstructed his filings.  The way to supplement an incomplete record on appeal is to make a motion to the district court under Rule 10(h), N.D.R.App.P.  Peterson did not make a Rule 10(h) motion to supplement the record that he alleges is incomplete.  Because Rule 10(h), N.D.R.App.P., was not followed, we cannot tell what Peterson claims the district court rejected or why it was rejected.  Therefore, it is not possible to review Peterson’s claim based on the state of the record before us.

IV

[¶15] The district court did not abuse its discretion by denying Peterson’s motion for reconsideration because he did not present issues entitling him to relief from the judgment under Rule 60(b), N.D.R.Civ.P.  The district court order denying reconsideration of the default judgment and the district court default judgment are affirmed.

[¶16] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.