M.B., Petitioner,

v.

E.B., Respondent.

No. CS06–03314.

Family Court of Delaware,
Sussex County.

Submitted: July 15, 2011.
Decided: July 19, 2011.

Thomas E. Gay, Esquire, Stumpf Vickers and Sandy, P.A., Georgetown, DE, Attorney for Monica M. Brock.

Patrick E. Vanderslice, Esquire, Moore and Rutt, P.A., Georgetown, DE, Attorney for Earl W. Brock.

## OPINION [1]

HENRIKSEN, J.

By way of a certain amount of initial history, the Court entered a Marital Property Division Order on June 01, 2010. Pursuant to that Order, the Court ordered "Husband to pay Wife" the sum of $43,578.25 within 150 days of the mailing date of the Order.[2] The Order was mailed June 04, 2010. It appears from undisputed calculations of the parties, the 150 day period in which Husband was required to pay Wife the sum of $43,578.25 would have run out October 31, 2010.

The other part of the Court's Marital Property Division Order of June 01, 2010, was the Court's determination that the land and improvements known as the Oak Lane Property were not subject to the jurisdiction of the Family Court. The required payment by Husband to Wife of $43,578.25 was not tied in or related to the

eventual determination between the parties of their respective interest in the Oak Lane Property. The Oak Lane Property would need to be addressed by the parties in a different court.

Following the entry of the Court's Property Division Order on June 01, 2010, Husband, through his then attorney, Bruce A. Rogers, Esquire, filed a Motion for Reargument and/or to Correct Clerical Error. On June 14, 2010, Wife, through her attorney, Mr. Gay, also filed a Motion to Reargue/Reconsider which included a request for extension of time to submit an application for attorney's fees and costs.

On August 10, 2010, Husband's then attorney, Bruce A. Rogers, Esquire, filed a second motion in which Husband was seeking to correct a newly noted error in the Court's Property Division Order of June 01, 2010. This newly noted error involved a clerical mistake in identifying the ownership of two Carpenter's Saving Plans. Wife filed an answer to this August 10th Motion to Correct Error, admitting that the ownership of the two Carpenter's Savings Plans was incorrect in the Court's Property Division Order.

Next, nearly five months following the Court's Property Division Order, and three days after the day Husband's payment of $43,578.25 to Wife was due, Husband, by and through his then counsel, Bruce A. Rogers, Esquire, filed a Motion to Stay. Husband averred that his motion to stay his responsibility to make payment to Wife of the $43,578.25 was legitimate and appropriate based upon the pendency of the post Property Division Decision Motions for

---

1. Pursuant to Delaware Supreme Court Rule 7(d), pseudonyms have been substituted for the names of the parties. Also, all addresses of property and birthdates have been redacted. DEL. SUP.CT. R. 7(d).

2. June 1, 2010 Property Division Order at 5.

Reargument and/or to Correct Clerical Error.

This brings us to the present petition under consideration, that being Wife's request for attorney's fees for a Petition for Rule to Show Cause filed by Wife on December 06, 2010. The Court notes that Wife's Application and Affidavit for Attorney's Fees filed on June 3, 2011, was deficient because the accompanying affidavit was not properly executed, as it was not dated or notarized. Upon acknowledging this deficiency, Wife submitted a Motion for Leave to File an Amended Pleading on July 15, 2011, with a properly executed affidavit attached. To the extent Wife's Motion for Leave to File an Amended Pleading seeks additional relief other than the mere filing of a properly executed affidavit, Wife's motion is denied. However, the Court will grant Wife's Motion for Leave to File an Amended Pleading with regard to the filing of a properly executed affidavit. Wife requests that Husband be found in contempt of the Court's Property Division Order of June 01, 2010, because of his failure to pay her the sum of $43,578.25 on or before October 31, 2010, as ordered by the Court.

The Court eventually resolved all of the post Property Division Motions for Reargument and Clerical Error by Decision and Order dated January 03, 2011, and mailed to the parties on January 06, 2011. The January 03, 2011 Order denied the pending Motions for Reargument and Stay, but granted the clerical error regarding the Carpenter's Savings Plans, which had been agreed upon by the parties, and which reduced the amount of Husband's required ancillary payment to Wife from $43,578.25 to $38,251.58. The Court also noted, because Husband certainly would have had sufficient time to collect and pay the previous specified amount of $43,578.25, that the amended amount of $38,251.15 was due immediately upon receipt of the Order.

Husband placed in the escrow account of his then attorney, Mr. Rogers, the sum of $43,578.25 on October 27, 2010. Mr. Rogers did not tender to Wife's attorney the eventual amended sum of $38,251.15 until January 12, 2011, which was certainly within a reasonable time after the January 6, 2011 mailing date of the Order containing the amended amount of $38,251.15.

It should be noted the Court's Order of January 03, 2011 Order, which amended the property division amount from $43,578.25 to $38,251.15 also ordered Husband to pay $10,860.00 in attorney's fees directly to Wife's attorney within 120 days of the January 03, 2011 Order. This required payment by Husband for Wife's attorney's fees was specifically related to Husband's failure to disclose several Morgan Stanley accounts in discovery leading up to and relevant to the property division case.

Wife, through her attorney, now seeks attorney's fees for the period from September 01, 2010, to March 16, 2011. Given that Husband was not required to make any payment to Wife of the $43,578.25 amount prior to October 31, 2010, the Court agrees with Husband's present position, advanced by his new attorney, Mr. Vanderslice, that Husband should not be responsible for any attorney's fees incurred by Wife prior to October 31, 2010. Although it certainly was good lawyering for Mr. Gay to have sent letters on his client's behalf to Husband's counsel to remind him of his upcoming obligation, the Court cannot justify awarding attorney's fees based upon time for correspondence mailed out in anticipation of and prior to the due date. For this reason, the Court deletes 0.9 hours from Mr. Gay's total of 5.7 hours sought in fees,

thereby leaving 4.8 hours for consideration.

Husband's present counsel, Mr. Vanderslice, most likely because he was not involved in the bulk of the case, has incorrectly suggested that all applications for attorney's fees were resolved in the Court's Order of January 03, 2011. The January 03, 2011 Order, which directed Husband to pay attorney's fees of $10,860.00, was related to Husband's pre-trial failures to comply with discovery, and not to the present post-trial Petition for Rule to Show Cause in which Wife alleged Husband failed to make timely payment of his post-trial obligation.

■ Husband's present counsel also attempts to justify the lack of receipt of payment by Wife in that Husband made payment to his attorney in the amount of $43,578.25 on October 27, 2010. The Court's Order of January 03, 2011, however, required Husband make payment to Wife. Husband's obligation was therefore not satisfied simply by making payment of the amount to his attorney, unless of course his attorney then paid the money over to Wife. Husband was certainly responsible for the actions of his attorney in withholding payment and placing the same in escrow.

Suggestion by Husband's former attorney that the money would be paid over to Wife in exchange for her to sign a quit claim deed to the Oak Lane Property, which the Court has already noted had nothing to do with the property division, was clearly not a legitimate reason to withhold the payment.

■ The real issue in this case is whether Husband's non-payment to Wife before October 31, 2010, of the original ordered amount of $43,578.25 was justified because of the pending Motion for Reargument and/or to Correct Error and Motion for Stay. Stated another way, does the filing and pendency of a Motion for Reargument and/or to Correct Error and/or a Motion for Stay relieve a party from making a payment of a sum certain within a required date certain under a Family Court Property Division Decision and Order?

Rule 62 of the *Family Court Rules of Civil Procedure* controls the stay of a judgment by the trial court. Specifically, Rule 62 provides:

> In its discretion and on such conditions for the security of the adverse party as are proper, the Court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59 or of a motion for relief from a judgment or order made pursuant to Rule 60.[3]

As noted in the Court's January 3, 2011 Order, Husband filed post-trial motions pursuant to Rules 59 and 60. However, the mere filing of a Rule 59 or Rule 60 motion does not automatically stay the execution of a court-ordered judgment. Subdivision (b) of Rule 60 specifically provides that "[a] *motion under this subdivision does not affect the finality of a judgment or suspend its operation.*"[4]

■ Moreover, Husband's motion to stay the Property Division Order was not filed with the Court until November 3, 2010, approximately three days after the judgment was due to Wife. The Court, in its January 3, 2011 Order, set forth the requisite standard for the grant or denial of a motion to stay along with the specific reasons why Husband had failed to meet

---

3. Fam. Ct. Civ. R. 62(a) (2010).

4. Fam. Ct. Civ. R. 60(b) (2010).

that standard. Although a motion to stay execution of a judgment is appropriate while there are pending motions pursuant to Rule 59 or Rule 60, such decision is within the discretion of the Trial Court.[5] In considering Husband's Motion to Stay, the Court noted that Husband had neglected to file his request for a stay until after the judgment became due. The Court determined that Husband's neglect in filing his motion to stay prior to the date the judgment became due was fatal to his motion to stay. Had Husband filed his motion to stay at the same time as his motions pursuant to Rules 59 and 60, the Court's decision concerning his request for a stay may have been different. Because the Court finds that the mere filing of a motion for reargument or motion for relief from judgment does not have the effect of automatically staying the execution of a court-ordered judgment, the Court must determine whether Husband failed to comply with the June 1, 2010 Property Division Order.

 The determination of a Motion for Contempt is left to the sound discretion of the Trial Court. Unlike a criminal contempt proceeding, where "any penalty for contumacious behavior is punitive in nature," the sole purpose for finding a party in contempt in a civil proceeding "[is] to coerce them to obey the Order."[6] Before the Court may hold a party in civil contempt it must "find by clear and convincing evidence that a violation of [a] Court Order has taken place."[7] Moreover, a Court generally does not make a contempt finding for a "mere technical [violation], but [the violation] must constitute a failure to obey the Court in a 'meaningful way.' "[8] If a Court does make a finding of contempt, it is not required to impose sanctions "if it perceives that the party is making a good faith effort to remedy the problems which necessitated the action."[9]

Further, in the past, this Court has set forth the elements that must be met in order for a party to be found in contempt:

Three criteria must be met for a party to prove civil contempt: 1) there must exist a valid mandate, judgment or order, 2) the alleged contemptor must have had the ability to abide by the valid mandate, judgment, or order, and 3) the alleged contemptor must have, in fact, disobeyed the valid mandate, judgment or order. The party claiming civil contempt must prove the violation of contempt by clear and convincing evidence.[10]

 In this case, Husband failed to comply with the June 1, 2010 Property Division Order, which required him to pay $43,578.25 to Wife within 150 days. Husband's obligation became due and payable on October 31, 2010. However, he failed to pay the court-ordered amount until January 12, 2011, and after the Court issued its January 3, 2011 Order. As already discussed, Husband's motions filed pursuant to rules 59 and 60 did not automatically stay the Court's June 1, 2010 judgment, or his obligation to pay Wife the property division award. Moreover, the Court de-

5. *Evans v. Buchanan*, 435 F.Supp. 832, 841 (D.Del.1977).

6. *Dickerson v. Castle*, C.A. No. 10256, 1991 WL 208467, at *4 (footnote omitted) (citation omitted).

7. *Id.* (citation omitted).

8. *Id.* (citation omitted).

9. *Id.* (citing *Albro v. County of Onondaga*, 681 F.Supp. 991 (N.D.N.Y.1988)).

10. *Brooks v. Brooks*, No. CS04–01702, 2006 WL 4555230, at *14 (Del.Fam.Ct., Nov. 21, 2006) (citing *Watson v. Givens*, 758 A.2d 510 (Del.Fam.Ct.1999)).

termined Husband's motion to stay to be untimely because it was filed after Husband's obligation became due and payable. Because the Court finds that there was a valid, legal mandate that Husband had the ability to comply with and that he did not comply with, Wife's Application and Affidavit for Attorney's Fees precipitated by her filing of a Petition for Rule to Show Cause must be granted.

▮ Wife seeks attorney's fees for the period from September 01, 2010, to March 16, 2011, and in the amount of $1995.00. The fees requested represent a total of 5.7 hours at an hourly rate of $350.00. As already stated, the Court cannot justify awarding attorney's fees based upon time for written correspondence in anticipation of and prior to the due date of the judgment. Therefore, the Court has reduced the amount of time sought by .9 hours, leaving a balance of 4.8, which is the equivalent of $1680.00. Before the Court calculates an award of attorney's fees, the Court must determine the reasonableness of the hourly rate sought.

> "In determining the reasonableness of a lawyer's fee, Rule of Professional Conduct 1.5 requires that, *inter alia*, the court consider the 'time and labor required ... the fee customarily charged ... for similar legal services ..., the amount involved and the results obtained ..., and the experience, reputation, and ability of the lawyers performing the service.' " [11]

Although Mr. Gay has been admitted to practice law in the State of Delaware for approximately seventeen years, the Court is unaware of a similarly situated attorney in Sussex County, Delaware, who charges $350 per hour for domestic relations matters. Based upon this, the Court will calculate Wife's award of attorney's fees based upon an hourly rate of $300, which is equivalent to the hourly rate at which the Court previously awarded attorneys fees in this case.[12] Because Husband failed to comply with the Court's June 1, 2010 Property Division Order, and Wife's counsel expended 4.8 hours to file a Petition for Rule to Show Cause, Husband is hereby ordered to pay $1440 in attorney's fees directly to Wife's attorney within 90 days of the date of this Order.

As set forth in this Order and the Court's January 3, 2011 Order, Husband has engaged in a pattern of conduct that has protracted the litigation between the parties by failing to disclose assets and failing to comply with the Court's June 1, 2010 Property Division Order. Wife should not have to pay for the efforts of her attorney that were made necessary by Husband's failure to pay the June 1 Property Division judgment on time.

**IT IS SO ORDERED.**

11. *Wilson v. Mazzaferro*, No. 96–10235, 97–23754, 1998 WL 915880, at *2 (Del.Fam.Ct. Sept. 1, 1998) (quoting Del. Lawyers' Rules of Prof'l Conduct R. 1.5(a)(1–8)).

12. *See* January 3, 2011 Decision and Order on Ancillary Motions for Reargument, Motion to Stay, Motion to Compel, and Attorney's Fees.