2013 ND 76

**Natasha BACHMEIER, n/k/a Natasha Stevens, Plaintiff and Appellee**

v.

**Jason BACHMEIER, Defendant and Appellant.**

No. 20120358.

Supreme Court of North Dakota.

May 14, 2013.

Tom P. Slorby, Minot, ND, for plaintiff and appellee.

Robert S. Rau, Minot, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1]   Jason Bachmeier appealed from a district court order denying his motion to find Natasha Stevens in contempt.   We affirm.

## I.

[¶ 2]   Jason Bachmeier and Natasha Bachmeier, now Natasha Stevens, were divorced with a judgment entered by stipulation in 2010.   They have three children together from the marriage.   Stevens' attorney for the divorce prepared a parenting plan to be included in the divorce judgment.   The plan was signed by both parties, and was filed with the court.   The plan states that the "legal residence of the children for school attendance shall be with [Natasha Stevens]."   It also states "Education Decisions will be made by: Mother."   At the time of the divorce, the parties lived together in the marital home in Granville, North Dakota.   All three children attended Granville school.   After the divorce, Stevens moved to Glenburn, North Dakota, where she is employed as a teacher.   Glenburn is approximately 30 miles from Granville.   Stevens enrolled all three children in Glenburn schools.   Bachmeier asked the district court to enter an ex parte order preventing Stevens from enrolling the children in Glenburn schools.   The district court refused to do so.   After the move to Glenburn, problems arose with

transportation to and from school. The parents began different living arrangements, with two children attending Glenburn schools and one attending Granville schools.

[¶ 3] In April, 2011, Stevens filed a motion to amend the judgment and award her primary residential responsibility. She claimed the school arrangements were not working out and Bachmeier was trying to turn the children against her. Bachmeier responded with a motion to hold Stevens in contempt for changing the school the children attended and for frustrating his parenting time. The district court denied Stevens' motion, but did not rule on Bachmeier's contempt motion. He renewed his motion, and a hearing was held. At the hearing, Bachmeier contended that the judgment did not incorporate the parenting plan, and therefore the parenting plan had no effect. He argued the language in the judgment created a duty sufficient to find Stevens in contempt for changing the school the children attended. He requested the court find Stevens in contempt and require the children attend Granville school. The district court denied the motion for contempt, ruling that the parenting plan applied, that Stevens had the authority to change the school the children attended, and that Stevens had not willfully disobeyed a court order when they had to make transportation and parenting time adjustments because of the change of schools.

## II.

[¶ 4] Bachmeier argues the district court abused its discretion by denying his contempt motion because the parenting plan was not included in the judgment. He claims Stevens violated the terms of the judgment by enrolling their children in Glenburn schools and by denying him parenting time.

Determining whether a contempt has been committed lies within the district court's sound discretion, which will not be overturned on appeal absent an abuse of that discretion. *Millang v. Hahn,* 1998 ND 152, ¶ 7, 582 N.W.2d 665. "[A] court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Id.* *Sall v. Sall,* 2011 ND 202, ¶ 7, 804 N.W.2d 378 (quoting *Prchal v. Prchal,* 2011 ND 62, ¶ 5, 795 N.W.2d 693).

[¶ 5] "A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly and satisfactorily prove the alleged contempt was committed." *Sall,* 2011 ND 202, ¶ 7, 804 N.W.2d 378 (citing *Berg v. Berg,* 2000 ND 37, ¶ 10, 606 N.W.2d 903; *Flattum–Riemers v. Flattum–Riemers,* 1999 ND 146, ¶ 5, 598 N.W.2d 499). "Under N.D.C.C. § 27–10–01.1(1)(c), '[c]ontempt of court' includes '[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer.'" *Sall,* at ¶ 7 (quoting *Harger v. Harger,* 2002 ND 76, ¶ 14, 644 N.W.2d 182). "To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." *Sall,* at ¶ 7 (quoting *Harger,* at ¶ 14). The district court has broad discretion to decide whether a person is in contempt of court. *Sall,* at ¶ 7.

[¶ 6] Bachmeier argues the district court misapplied the law by ruling the parenting plan was incorporated into the judgment because the district court did not state in the judgment that the parenting plan was incorporated into the judgment. We disagree. "In any proceeding to establish or modify a judgment providing for parenting time with a child, the parents shall develop and file with the court a parenting plan to be included in the court's decree." N.D.C.C. § 14–09–30(1). The statute does not specify how the parenting plan should be "included" in the court's decree. Here, all inferences are the par-

enting plan was physically attached to the judgment. The statute requires the parenting plan to be incorporated into the judgment. We do not approve of incorporating the parenting plan by attaching it to the judgment without any reference to the parenting plan in the judgment. However, we will not invalidate an otherwise valid parenting plan that was attached to the judgment because the district court did not recite formulaic words of incorporation.

[¶ 7] Under the wording of the parenting plan, the district court did not abuse its discretion by refusing to hold Stevens in contempt. The parenting plan provides that the children's legal residence for school purposes will be with Stevens, and that education decisions will be made by the mother. Bachmeier argues these provisions are vague and cover only limited matters. However, these phrases are unqualified, and grant Stevens the authority to enroll the children in the school in the district she resides. Further, by claiming the parenting plan is vague and ambiguous, Bachmeier negates his own argument. "To hold someone in contempt for violating a court order, the order must have been clear, specific and unambiguous." *Ronngren v. Beste*, 483 N.W.2d 191, 195 (N.D.1992). If the parenting plan is too vague to determine what Stevens' authority is, it is too vague to hold her in contempt for exceeding that authority.

[¶ 8] Similarly, the district court did not abuse its discretion by refusing to hold Stevens in contempt for disrupting Bachmeier's parenting time. It appears from the record that the parties modified their residential schedule several times in order to make transporting the children to and from school more convenient. There is no indication that Stevens did this unilaterally and, although the burden of transporting the children fell more heavily on Bachmeier, there is no indication that Stevens used the transportation situation to willfully disrupt Bachmeier's parenting time. The parenting plan does not require the parents to share the burden of transportation equally, but simply requires that they arrange transportation between themselves. These facts do not amount to a willful violation of the court order.

[¶ 9] Even if the parenting plan was not incorporated in the judgment, the rights and responsibilities set out in the judgment are too vague to find Stevens intentionally violated them. Bachmeier argues that in the absence of the parenting plan, the judgment's order that both parents "shall share in providing the residential responsibility, physical care and control of the minor children" can "stand[ ] on its own strength and weight as far as it goes." This phrase is not sufficiently clear, specific, and unambiguous to find that Stevens violated it. In *Dickson v. Dickson,* this Court concluded that stating the parents will have "joint legal custody" without any definition is a "meaningless amorphism." 1997 ND 167, ¶ 6, 568 N.W.2d 284. In this case, although the phrase in question is not meaningless, without specifying the responsibilities each parent will have, it does not create specific duties sufficient to hold Stevens in contempt. The district court's refusal to rely on this phrase was not arbitrary, unreasonable, or unconscionable. The district court did not abuse its discretion.

### III.

[¶ 10] We affirm the order denying Bachmeier's motion to hold Stevens in contempt.

[¶ 11] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.