2013 ND 243

**Kayla RATH, Plaintiff and Appellee**

v.

**Mark RATH, Defendant and Appellant.**

No. 20130184.

Supreme Court of North Dakota.

Dec. 19, 2013.

Bobbi B. Weiler, Bismarck, N.D., for plaintiff and appellee.

Mark A. Rath, Bismarck, N.D., defendant and appellant; self-represented.

KAPSNER, Justice.

[¶ 1] Mark Rath appeals from an order denying his motion to hold Kayla Rath in contempt and denying his request that the district court judge recuse himself from the case. We affirm, concluding the court did not abuse its discretion in denying the contempt motion and request for recusal.

I

[¶ 2] The parties were divorced in January 2013 and Kayla Rath was awarded primary residential responsibility for the couple's two minor children. Mark Rath was awarded supervised parenting time to occur at the Family Safety Center while he was undergoing a domestic violence offender treatment program and a psychological evaluation, after which he could move for review of his parenting time schedule. A "no contact" order was in place during the divorce proceedings.

[¶ 3] In March 2013, less than two months after entry of the divorce judgment, Mark Rath brought a motion for an order to show cause why Kayla Rath should not be held in contempt for violating provisions of the divorce judgment. Mark Rath submitted two affidavits claiming Kayla Rath violated various parenting provisions contained in the judgment. Kayla Rath submitted an affidavit in response to the motion and denied the allegations. The district court held a hearing during which Kayla Rath's attorney and Mark Rath presented argument. Toward the end of the hearing, Mark Rath requested the judge to recuse himself from the case. The court denied the contempt motion, finding Kayla Rath "did not intentionally disobey the terms of the Judgment and ... her conduct did not constitute contempt as defined by N.D.C.C. § 27–10–01.1." The court also denied the request for recusal, reasoning Mark Rath "stated no specific instances or evidence to support his claim of lack of impartiality."

II

[¶ 4] Mark Rath argues the district court erred in failing to find Kayla Rath in contempt. In *Bachmeier v. Bachmeier*, 2013 ND 76, ¶¶ 4–5, 830 N.W.2d 546, we recently explained:

Determining whether a contempt has been committed lies within the district court's sound discretion, which will not be overturned on appeal absent an abuse of that discretion. *Millang v. Hahn*, 1998 ND 152, ¶ 7, 582 N.W.2d 665. "[A] court abuses its discretion

when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Id.*

*Sall v. Sall,* 2011 ND 202, ¶ 7, 804 N.W.2d 378 (quoting *Prchal v. Prchal,* 2011 ND 62, ¶ 5, 795 N.W.2d 693).

"A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly and satisfactorily prove the alleged contempt was committed." *Sall,* 2011 ND 202, ¶ 7, 804 N.W.2d 378 (citing *Berg v. Berg,* 2000 ND 37, ¶ 10, 606 N.W.2d 903; *Flattum–Riemers v. Flattum–Riemers,* 1999 ND 146, ¶ 5, 598 N.W.2d 499). "Under N.D.C.C. § 27–10–01.1(1)(c), '[c]ontempt of court' includes '[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer.'" *Sall,* at ¶ 7 (quoting *Harger v. Harger,* 2002 ND 76, ¶ 14, 644 N.W.2d 182). "To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." *Sall,* at ¶ 7 (quoting *Harger,* at ¶ 14). The district court has broad discretion to decide whether a person is in contempt of court. *Sall,* at ¶ 7.

[¶ 5] Mark Rath appears to focus on four allegations of contempt allegedly committed by Kayla Rath. First, he contends that Kayla Rath violated the divorce judgment by monitoring his phone conversations with the children and ending the calls when she determined the subject matter was inappropriate. The judgment provides that "[e]ach parent shall be entitled to speak with the child by telephone, or by other electronic means, at reasonable times and intervals, without interference from the other parent ... Mark shall not unnecessarily prolong the conversations if the children do not want to continue talking. Mark shall not talk to the children about inappropriate subjects, including the divorce and other adult issues." In her affidavit, Kayla Rath stated:

These phone calls that Mark has with the children are ridiculous. He uses the phone calls to get information from the girls to use in court. He uses them to find out what I am doing. He questions loyalty. He criticizes the children. He criticizes me. He violates the children's need for emotional space. He tries to be overly controlling of the children's behavior. So in this instance He was criticizing me ... to my daughter. Something Mark has no right to do.

Kayla Rath also said in the affidavit, "[i]f Mark didn't use the phone calls to obtain information for court use or to badger our children, I wouldn't have to intervene on their phone calls." Mark Rath submitted a purported transcript of a conversation with the children which was ended by Kayla Rath. But this transcript bolsters Kayla Rath's affidavit testimony and indicates the children are uncomfortable speaking with him. The district court's finding that her termination of these phone calls was not an intentional violation of the divorce judgment is supported by the evidence.

[¶ 6] Mark Rath argues that allowing Kayla Rath to terminate inappropriate phone calls impermissibly gives her discretion to decide whether he is in contempt. He relies on *Vande Hoven v. Vande Hoven,* 399 N.W.2d 855, 858 (N.D. 1987), in which this Court ruled a "court in this state may not use a self-executing order to delegate to a private party its adjudicatory contempt powers for future violations of that order." Terminating an inappropriate phone call is not an exercise of judicial adjudicatory contempt powers. Mark Rath's argument is without merit.

[¶ 7] Second, Mark Rath argues the district court erred in failing to find Kayla Rath in contempt for enrolling the children in the same school they had been

attending without his consent. The judgment grants the parties joint decision-making responsibility for the children's education. The judgment further provides, "[i]f disputes regarding the parenting plan arise, the parties shall first attempt to resolve those disputes amongst themselves, and then through a mediator or parenting coordinator, before filing a motion for modification with the court." Kayla Rath said in her affidavit that Mark Rath "simply said no" and demanded mediation of the issue. The court reasoned Kayla Rath was not in contempt because Mark Rath refused to first try to resolve the issue between themselves without resorting to mediation, as required by the judgment. The court did not abuse its discretion.

[¶ 8] Third, Mark Rath argues the district court should have found Kayla Rath in contempt for viewing his public Facebook page. Kayla Rath said in her affidavit Mark Rath has threatened her and her boyfriend, and she views his Facebook page "to know what frame of mind Mark is in. If there is a threat, I want to know about it so I can be prepared for it." Mark Rath does not allege that she posts any comments on his Facebook page. The divorce judgment says nothing about viewing social networking websites. This argument is without merit.

[¶ 9] Fourth, Mark Rath argues the district court erred in failing to find Kayla Rath in contempt for taking the children on a two-day trip to Minnesota without his consent in violation of a provision in the divorce judgment prohibiting "[t]emporary removal of the children from the state, unless as agreed by the parties or authorized by the Court." Kayla Rath stated in her affidavit that Mark Rath gave her permission to take the vacation trip. Mark Rath stated in his affidavit that he did not give her permission. The court did not resolve this conflicting testimony, but ruled the provision was ambiguous and interpreted the language to mean a parent during parenting time may take the children out of state for vacation if it does not interfere with the other parent's parenting time. The court also noted the "authorized by the Court" language in the provision and ruled "I would authorize the parties to take the children out of the state on a regular family event during his or her parenting time." We disagree with the court that this provision in the divorce judgment is ambiguous. But even assuming Mark Rath did not grant permission for the out-of-state trip, this does not mandate a finding that Kayla Rath committed contempt.

[¶ 10] In *Gould v. Miller,* 488 N.W.2d 42, 43 (N.D.1992), this Court affirmed the denial of a motion to change primary physical custody which was based in part on the mother's move from Fargo to Moorhead, Minnesota, without the father's consent or the district court's approval. The district court termed the mother's move with the children a " 'technical violation of the law' " and this Court held "the move to another state does not, by itself, compel a change of custody. If the trial court approves the move, even after the fact, the move does not dictate a change of custody." *Id.* at 44. *See also In re N.C.C.,* 2000 ND 129, ¶ 28, 612 N.W.2d 561; *Barstad v. Barstad,* 499 N.W.2d 584, 587 (N.D. 1993).

[¶ 11] In a similar vein, numerous courts have held that technical violations of a court order do not necessarily require a finding of contempt. *See, e.g., M.B. v. E.B.,* 28 A.3d 495, 500 (Del.Fam. Ct.2011); *Kicken v. Kicken,* 798 N.E.2d 529, 534 (Ind.Ct.App.2003); *State v. Wilmouth,* 302 N.J.Super. 20, 694 A.2d 584, 586 (1997); *Martin v. Martin,* 179 Ohio App.3d 805, 903 N.E.2d 1243, 1247 (2008);

*Quint v. Lomakoski*, 173 Ohio App.3d 146, 877 N.E.2d 738, 743 (2007). This is especially true in domestic relations cases, because granting contempt motions for every single possible technical violation of court orders would do nothing to further the best interests of children, but would simply increase the animosity between the parties and discourage them from cooperating to resolve disputes by themselves. *See Kicken*, at 534. The contempt statutes are "not intended to attempt to regulate and adjudicate every loss of temper, angry word, or quarrel between persons connected by a familial relationship." *Wilmouth*, at 586. The district court did not abuse its discretion in refusing to find Kayla Rath in contempt for her alleged technical violation of the divorce judgment.

[¶ 12] We conclude the district court did not abuse its discretion in denying the contempt motion.

## III

[¶ 13] Mark Rath argues the district court judge erred in denying his request to recuse himself from the case.

[¶ 14] In *Woodward v. Woodward*, 2010 ND 143, ¶ 9, 785 N.W.2d 902, we said:

> The rules of judicial conduct provide that a judge is required to avoid impropriety and the appearance of impropriety in all the judge's activities. *Farm Credit Bank v. Brakke*, 512 N.W.2d 718, 720 (N.D.1994). "'The law presumes a judge is unbiased and not prejudiced.'" *Id.* (citation omitted). We have said "[a] ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification." *Id.* The test for the appearance

of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality. *Id.* at 721.

A district court's decision on a motion for recusal is reviewed under the abuse of discretion standard. *See, e.g., Murchison v. State*, 2011 ND 126, ¶ 3, 799 N.W.2d 360; *Citibank (South Dakota), N.A. v. Peterson*, 2011 ND 86, ¶ 9, 797 N.W.2d 312.

[¶ 15] Mark Rath requested the district court judge recuse himself immediately after the court informed him during the hearing that "there isn't any factual basis for a finding of contempt for that allegation," and stated as the reason for the request that "your impartiality in this case has been extremely questionable." Because adverse rulings alone are not evidence of judicial bias or partiality, *see, e.g., Dieterle v. Dieterle*, 2013 ND 71, ¶ 34, 830 N.W.2d 571, we conclude the court did not abuse its discretion in denying the request for recusal.

## IV

[¶ 16] We do not address other arguments raised because they either are unnecessary to the decision or are without merit. We affirm the district court's order.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.