# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 11

Anna Cook,                                                        Plaintiff and Appellee

   v.

Chris Cook,                                                      Defendant and Appellant

   and

State of North Dakota,                               Statutory Real Party in Interest

## No. 20190145

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Michael S. Joyner, Bismarck, ND, for plaintiff and appellee.

Justin D. Hager, Bismarck, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Chris Cook appeals from an order denying his request to hold Anna Cook in contempt of court for violating the parties' divorce judgment. We affirm the order because the district court did not abuse its discretion in denying the motion.

I

[¶2]   Chris and Anna Cook were divorced in 2016 under the terms of a stipulated judgment which awarded Anna Cook residential responsibility for their minor children and granted Chris Cook parenting time subject to certain conditions. Chris Cook was also ordered to pay child support. Three months after judgment was entered, Chris Cook was found in contempt for failing to comply with provisions of the divorce judgment and was ordered to pay Anna Cook's attorney fees and costs. During summer 2018, Anna Cook petitioned the juvenile court to terminate Chris Cook's parental rights, but voluntarily dismissed the petition.

[¶3]   Continued disagreements between the parties ultimately resulted in competing motions to hold the other in contempt. Chris Cook alleged Anna Cook was in contempt for violating the judgment relating to parenting time for their children, the use of funds held in trust, and the handling of the parties' real property. Anna Cook alleged Chris Cook was in contempt for failure to pay child support and other court-ordered attorney fees and costs. The district court found Chris Cook was in contempt but did not hold Anna Cook in contempt.

## II

[¶4]   Chris Cook does not challenge the district court's finding that he was in contempt, but argues the court erred as a matter of law in refusing to hold Anna Cook in contempt of court. He requests that we reverse and remand with instructions for the court to hold Anna Cook in contempt.

[¶5]   Contempt of court is defined as "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate." N.D.C.C. § 27-10-01.1(1)(c). A district court has broad discretion whether to hold a person in contempt, and our review is limited to whether the court abused its discretion. *Smith v. Erickson*, 2019 ND 48, ¶ 6, 923 N.W.2d 503. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Broten v. Carter*, 2019 ND 268, ¶ 18.

[¶6]   Chris Cook argued to the district court that Anna Cook should be held in contempt for violating the parenting time provisions of the judgment. Chris Cook was awarded supervised parenting time until he completed drug, alcohol and domestic violence evaluations, after which he would be granted unsupervised parenting time. After Chris Cook completed those conditions, Anna Cook did not allow unsupervised parenting time until the fall of 2018 when a judicial referee advised her to follow the judgment. Since then, Anna Cook has complied with the parenting time provisions of the judgment.

[¶7]   The district court found Anna Cook's attempt to terminate Chris Cook's parental rights in summer 2018 was "not indicative of bad faith or willful disobedience" of the judgment because she was represented by attorneys, she

2

misinterpreted the parenting time provisions, voluntarily dismissed the petition and the judicial referee refused to sanction her. The court further noted Chris Cook was "woefully behind in child support," Anna Cook was struggling in caring for the children, and she was attempting to manage a mortgage on the parties' real property when she stopped complying with parenting time. The court found:

> "Considering the weight of the evidence, the sincere testimony of Anna Cook, the lack of credibility in the testimony of Chris Cook and the reality that once clarified in her mind, Anna Cook has facilitated visitation consistent with the letter of the May 23, 2016 Judgment, the Court does not find that she intentionally disobeyed the Judgment nor did she obstruct the authority of the Court."

[¶8]   Chris Cook argued to the district court that Anna Cook should be held in contempt for failing to account for and distribute trust funds identified in the judgment. These funds were held in trust to "be released and paid out to Anna to cover the liens and any necessary costs associated with the sale and listing" of the parties' real property and, following an accounting, the balance of the funds would be shared equally between them.

[¶9]   The district court found Anna Cook provided an accounting in June 2018, which did not violate the divorce judgment because no timeline was provided in the judgment. The court found most of the expenses listed in the accounting related to the sale and upkeep of the property. The court found that while orthodontist expenses were not within the allowable uses for the trust funds, Chris Cook was nevertheless responsible under the judgment for one-half of those costs. The court ordered the remaining $3,425.55 of the funds be split between the parties, but ordered Anna Cook to pay her one-half to Chris Cook

3

to "square the trust monies" after some of the funds were used to purchase a vehicle. The court concluded:

> "The court does not find that Anna Cook intentionally defied the language of the May 23, 2016 Judgment as it relates to the trust dollars. The court finds that the dollars spent have been documented for and fall within the language of [the judgment] with the exception of the orthodontist bill. That being said Chris does not dispute his obligation to pay his half of his daughter's braces and the court does not find this issue demonstrates willful and defiant conduct."

[¶10] Chris Cook also argued to the district court that Anna Cook should be held in contempt for failure to handle the parties' real property in conformity with the divorce judgment. Under the judgment, Anna Cook was responsible for listing and selling their New Salem residences "subject to any mortgages and debt against the property," but the court retained jurisdiction to "direct that the real property needs to be handled in a different manner in order to accomplish the sale and release of the debt." Anna Cook sold an older residence for $28,000 and, without court approval, surrendered the new residence to the lender in lieu of foreclosure. Chris Cook argued Anna Cook violated the judgment because she sold the old house for too little and gave the property back to the bank without first seeking court approval.

[¶11] The district court refused to find Anna Cook in contempt for her disposal of the old and new houses, reasoning:

> "The court finds Plaintiff Anna Cook completely credible here. The 'new' house was surrendered in lieu of foreclosure to Starion bank who held [a] mortgage on it. . . . It was surrendered as an alternative to foreclosure at a time when the mortgage debt exceeded $213,000. . . . As a result of the surrender neither mortgagee suffered a foreclosure judgment or deficiency judgment. And it was stipulated that the value of the

4

'new' house did not exceed the mortgage owed and thus taxes were avoided.

"The actions of Plaintiff Anna Cook in negotiating with Starion bank and clearing title and protecting both she and Chris Cook from a deficiency judgment were reasonable and within the spirit of the May 23, 2016 Judgment. She did not profit any more than Chris Cook did from her affirmative efforts to sell the property. The claims of Chris Cook that she should have retained a realtor and been more aggressive in her attempts to sell the real estate is 'twenty-twenty' hindsight and lacks credibility."

[¶12] Our review in this contempt case is guided by several well-settled principles of law. In *Rath v. Rath*, 2013 ND 243, ¶ 11, 840 N.W.2d 656, we said:

> "[T]echnical violations of a court order do not necessarily require a finding of contempt. *See, e.g., M.B. v. E.B.*, 28 A.3d 495, 500 (Del.Fam.Ct. 2011); *Kicken v. Kicken*, 798 N.E.2d 529, 534 (Ind.Ct.App. 2003); *State v. Wilmouth*, 302 N.J.Super. 20, 694 A.2d 584, 586 (1997); *Martin v. Martin*, 179 Ohio App.3d 805, 903 N.E.2d 1243, 1247 (2008); *Quint v. Lomakoski*, 173 Ohio App.3d 146, 877 N.E.2d 738, 743 (2007). This is especially true in domestic relations cases, because granting contempt motions for every single possible technical violation of court orders would do nothing to further the best interests of children, but would simply increase the animosity between the parties and discourage them from cooperating to resolve disputes by themselves. *See Kicken*, at 534. The contempt statutes are 'not intended to attempt to regulate and adjudicate every loss of temper, angry word, or quarrel between persons connected by a familial relationship.' *Wilmouth*, at 586."

A "court is not required to make an explicit finding of contempt when no further remedy would result and the only purpose would be to taint the alleged contemnor." *Berg v. Berg*, 2000 ND 37, ¶ 11, 606 N.W.2d 903. Furthermore, "when a matter is left to the broad discretion of the trial court, it is envisioned there is a broad range of factual scenarios in which the trial court is left to make its choice, and whichever choice it makes will be upheld on appeal." *Rose*

*v. United Equitable Ins. Co.*, 2002 ND 148, ¶ 17, 651 N.W.2d 683; *see also Howe v. Microsoft Corp.*, 2003 ND 12, ¶ 33, 656 N.W.2d 285 (same); *Porth v. Glasoe*, 522 N.W.2d 439, 443 (N.D. 1994) (evidence provided "sufficient ground to base judicial discretion for a decision either way" (internal citation omitted)); *Dickinson Newspapers, Inc. v. Jorgensen*, 338 N.W.2d 72, 80 (N.D. 1983) ("if the judge could have properly decided a question either way, no abuse of discretion occurred in deciding in one way as opposed to the other"); *Wrangham v. Tebelius*, 231 N.W.2d 753, 757 (N.D. 1975) (same); *Seymour v. Davies*, 156 N.W. 112, 115 (N.D. 1916) ("Had the [court's] discretion been exercised the other way, its order would likewise have been affirmed.").

[¶13] Therefore, even if we agreed that Anna Cook violated the judgment, we could not overturn the district court's contrary findings unless the court abused its discretion. Here, the court did not act in an arbitrary, unreasonable or unconscionable manner, it did not misapply or misinterpret the law, and its decision is the product of a rational mental process leading to a reasoned determination. We conclude the court did not abuse its discretion in denying Chris Cook's motion to hold Anna Cook in contempt.

III

[¶14] The order is affirmed.

[¶15] Daniel J. Crothers
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.

6