2008 ND 232

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Travis Charles LIUM, Defendant and Appellant.**

**No. 20080100.**

Supreme Court of North Dakota.

Dec. 16, 2008.

Reid A. Brady (argued), Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Alexander F. Reichert (argued) and Troy R. Morley (appeared) of Reichert Armstrong Law Office, Grand Forks, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Travis Charles Lium appeals a district court order on remand denying his motion to withdraw his guilty plea. Holding the district court did not abuse its discretion in concluding Lium failed to establish a fair and just reason existed to allow him to withdraw his guilty plea, we affirm.

I

[¶ 2] We briefly reiterate the facts and procedure set forth in *State v. Lium,* 2008 ND 33, 744 N.W.2d 775 ("Lium I"), leading to this appeal. In June 2006, the State charged Lium with attempted murder, a class A felony, alleging he stabbed his former girlfriend's boyfriend with a knife and struck him with a vehicle. On February 1, 2007, Lium entered into a written plea agreement, whereby he would plead guilty under *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to aggravated assault and reckless endangerment, both class C felonies. The plea agreement provided the State would ask the district court to impose incarceration for five years for each charge, to be served consecutively. The agreement also stated that Lium could argue for a lesser sentence, but for no less incarceration than seven and one-half years.

[¶ 3] At the change-of-plea hearing, the district court informed Lium that he would be waiving his rights by pleading guilty, and it reviewed the plea agreement with him. Lium confirmed that he understood the plea agreement, the elements of the charges against him, and had reviewed the plea agreement with his attorney. Lium acknowledged no threats had been made to induce him to enter the plea. The district court accepted Lium's guilty pleas. At the

end of the hearing, the court ordered a presentence investigation.

[¶ 4] In a February 23, 2007, letter to the district court, Lium wrote "to clear up any ambiguity ... as to what [he felt was] fair in regards to [his] sentencing." Lium stated, "[the prosecutor was] not willing to be reasonable in regards to their sentencing recommendations or charges." Lium informed the court he sought a "minimal time of incarceration." Lium also complained that "the attorneys handling this case have been atrocious," he "had no intentions of killing or seriously injuring anyone," and he "was not confident in [his] attorneys' preparation for trial, since they never came to visit [him] on the specifics of [his] case." In the letter, Lium told the court he wanted to rescind his pleas if the court felt obligated to impose the sentences provided in the plea agreement. He also stated he wanted a new attorney or may want to represent himself. Lium closed the letter by stating he "would like an amicable end to this case, but sitting in prison for seven and a half years is not [an] amicable conclusion. I appreciate your fairness. You are my only chance for a just punishment in this case without the costs of a trial."

[¶ 5] Before sentencing, Lium retained different counsel and moved to withdraw his guilty pleas. In an affidavit in support of his motion, Lium stated "[his] original attorney appeared to want [to] quit [his] representation of [Lium] if [Lium] did not accept the terms of the plea agreement"; "[he] did not understand that [he] would have an opportunity to seek replacement counsel if [his] original counsel had in fact quit"; "approximately one (1) hour before [his] Change of Plea hearing[,] [Lium] saw the plea agreement for the first time"; and "[b]ut for the threats of [his] attorney to cease his representation of [Lium], [he] would never have agreed to enter into a guilty plea in open court." Lium also stated he "[did] not feel [he was] guilty of the charges [he was] accused of and only agreed to the plea agreement out of fear of having to represent [himself] based upon [his] previous attorney's threats."

[¶ 6] The district court denied Lium's motion, concluding Lium's pleas were voluntary and intelligent and withdrawal of the guilty plea was not necessary to correct a manifest injustice. Lium appealed the denial of his motion to withdraw his guilty pleas.

[¶ 7] During oral argument to this Court in *Lium I*, the State conceded it had suffered no prejudice by relying on the plea. This Court reversed the denial of Lium's motion to withdraw and remanded the case for the district court to determine whether there was a fair and just reason to allow Lium to withdraw his pleas.

[¶ 8] On remand, the district court did not hold further proceedings. Based on a review of the file, transcript, counsels' arguments and motions, and Lium's supporting affidavit, the district court denied Lium's motion to withdraw his guilty plea. The district court concluded Lium failed to establish a fair and just reason to allow him to withdraw. The court found Lium's affidavit did not "state any words or actions that amounted to a threat," that Lium's attorney's advice was "well given," and Lium's demeanor at the change-of-plea hearing did not indicate "that his plea was anything other than voluntary." The court also found:

> The Defendant fully understood the plea agreement and freely and voluntarily pled guilty;
>
> He was represented by seasoned counsel;
>
> He received a reduction of charges;
>
> No defenses were raised;

He did not assert that he was innocent, only that he "did not intend to kill anyone";

His claims that his attorneys did not handle his case well are unsupported;

The reduced charges negotiated by his attorneys greatly reduced the potential amount of incarceration.

[¶ 9] Lium appeals, arguing four fair and just reasons were present to allow him to withdraw his guilty plea: (1) he asserted his innocence through his post-plea filings with the district court and the nature of his *Alford* plea; (2) he asserted a legal defense to the charge when he informed the district court he was defending himself; (3) he informed the district court his plea was coerced; and (4) he informed the district court that his prior attorney provided ineffective assistance of counsel.

## II

[¶ 10] Rule 32(d), N.D.R.Crim.P., governs the withdrawal of a guilty plea:

(1) *In General.* The court must allow the defendant to withdraw a plea of guilty whenever the defendant, on a timely motion for withdrawal, proves withdrawal is necessary to correct a manifest injustice.

(2) *Timeliness.* A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations, and is not necessarily barred because made subsequent to judgment or sentence.

(3) *Court's Discretion.* If the defendant does not show that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty as a matter of right once the court has accepted the plea. Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance on the defendant's plea.

[¶ 11] "Under N.D.R.Crim.P. 32(d), the standard for a district court's consideration of a defendant's request to withdraw a guilty plea differs depending on when the motion to withdraw is made." *Lium I*, 2008 ND 33, ¶ 17, 744 N.W.2d 775. "After a guilty plea is accepted, but before sentencing, the defendant may withdraw a guilty plea if necessary to correct a manifest injustice, or, if allowed in the court's discretion, for any 'fair and just' reason unless the prosecution has been prejudiced by reliance on the plea." *Id.* (quotations omitted). "The 'fair and just' reason for withdraw[al] of a guilty plea involves a lesser showing than is required to establish 'manifest injustice.'" *Id.* at ¶ 22 (citing American Bar Association Standards for Criminal Justice, *Pleas of Guilty* § 14-2.1(a), Commentary, p. 14–53 (1979)).

[¶ 12] Rule 32(d) provides that a district court may, in its discretion, allow a defendant to withdraw a plea for any fair and just reason unless the withdrawal would cause substantial prejudice to the prosecution. N.D.R.Crim.P. 32(d). Rule 32(d) is meant to be construed liberally in favor of the defendant. *See State v. Millner,* 409 N.W.2d 642, 644 (N.D.1987) ("[W]e urge trial courts to err on the side of liberal allowance of withdrawal of guilty pleas prior to sentencing.").

[¶ 13] While there is a preference to liberally allow a defendant to withdraw a guilty plea, withdrawal is not a matter of right. *State v. Sisson,* 1997 ND 158, ¶ 17, 567 N.W.2d 839; N.D.R.Crim.P. 32(d) ("[T]he defendant may not withdraw a plea of guilty as a matter of right once the court has accepted the plea."). "Given the great care with which pleas are taken under the revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before

sentence whenever the government cannot establish prejudice." *Sisson,* at ¶ 17 (citations omitted). Furthermore, a defendant has the burden of proving that a fair and just reason supports withdrawal of a guilty plea. *Lium I,* 2008 ND 33, ¶ 19, 744 N.W.2d 775. Once a defendant establishes a fair and just reason, the burden then shifts to the State to establish that it would be prejudiced by granting leave to withdraw. *Millner,* 409 N.W.2d at 643. To establish prejudice, "the State must show prejudice beyond that found in the ordinary case." *Id.* at 644. " 'Substantial prejudice is established if the prosecution shows, for example, that vital physical evidence has been discarded, that a chief government witness has died, or that fifty-two witnesses who have come from all over the United States and from overseas naval bases have been dismissed.' " *Id.* (quoting American Bar Association Standards for Criminal Justice, *Pleas of Guilty* § 14–2.1(a), Commentary, p. 14–54 (1979)). Courts do not "inquire into the matter of prejudice unless the defendant first shows a good reason for being allowed to withdraw his plea." *Id.* at 643 n. 2.

[¶ 14] The determination of whether a fair and just reason exists is within the district court's discretion. *State v. Feist,* 2006 ND 21, ¶ 22, 708 N.W.2d 870. We will not reverse that decision on appeal unless the court abused its discretion. *Id.* A court abuses its discretion when it acts arbitrarily, unreasonably, or capriciously, or misinterprets or misapplies the law. *Id.*

[¶ 15] While we have stated the standard for withdrawing a guilty plea before sentencing is a "fair and just reason,"

we have not had prior occasion to interpret what constitutes a fair and just reason to withdraw a guilty plea. We recognize that the fair and just reason standard is not well understood. *See* 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure: Criminal* § 181, at 338 (4th ed. 2008) ("The meaning of the 'fair and just reason' standard is not self-evident."); *United States v. Barker,* 514 F.2d 208, 221 (D.C.Cir.1975) ("[T]he terms 'fair and just' lack any pretense of scientific exactness."). Under the federal rules of criminal procedure, a defendant also must establish a fair and just reason when requesting the withdrawal of a guilty plea before sentence is imposed. Fed. R.Crim.P. 11(d)(2)(B). "[W]e will consider interpretations of the federal rule when construing our own rule." *Millner,* 409 N.W.2d at 643 n. 2.[1]

[¶ 16] The federal circuit courts of appeal consider various factors when deciding whether a fair and just reason exists. American Bar Association Standards for Criminal Justice, *Pleas of Guilty* § 14–2.1, Commentary, at 86 (3d ed.1999). "In deciding whether a fair and just reason exists, almost all courts engage in a multipart balancing test, with no one factor controlling. And while the tests are worded differently, most look to a similar core group of considerations." 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure: Criminal* § 181, at 339–41 (4th ed.2008).

[¶ 17] Therefore, among the factors that a district court may consider in determining whether a fair and just reason exists to withdraw a guilty plea before sentencing are: (1) the amount of time

---

1. Rule 32(e), Fed.R.Crim.P., governed the withdrawal of pleas before sentencing until 2002 when it was amended and replaced by Fed.R.Crim.P.11(d)(2). Fed.R.Crim.P. 32, Advisory Committee Note. Although Rule 11(d)(2) has been changed, it requires, like N.D.R.Crim.P. 32(d), that a defendant moving to withdraw his plea before sentencing must establish a fair and just reason exists to withdraw his plea.

that has passed between the entry of the plea and the motion to withdraw; (2) defendant's assertion of innocence or a legally cognizable defense to the charge; (3) prejudice to the government; (4) whether the plea was knowing and voluntary; (5) whether the plea was made in compliance with Rule 11, N.D.R.Crim.P.; (6) whether adequate assistance of counsel was available to the defendant; (7) the plausibility of the reason for seeking to withdraw; (8) whether a plea withdrawal would waste judicial resources; and (9) whether the parties had reached or breached a plea agreement. *Id.* at 341–51; *see also United States v. Doe,* 537 F.3d 204, 210 (2d Cir. 2008); *United States v. Hamilton,* 510 F.3d 1209, 1214 (10th Cir.2007); *United States v. Hunt,* 205 F.3d 931, 937 (6th Cir.2000); *United States v. Brewster,* 137 F.3d 853, 857 (5th Cir.1998); *United States v. Gray,* 152 F.3d 816, 819 (8th Cir.1998); *United States v. Sparks,* 67 F.3d 1145, 1150 (4th Cir.1995); *United States v. Tilley,* 964 F.2d 66, 72 (1st Cir.1992); *United States v. Buckles,* 843 F.2d 469, 472 (11th Cir.1988). These factors are not intended to be an exclusive list and other factors based on the specific case may be relevant to a district court's determination of a fair and just reason.

[¶ 18] After considering various interpretations of a fair and just reason and the district court's analysis, we cannot conclude the district court abused its discretion in denying Lium's motion to withdraw his guilty plea. The district court made specific findings on Lium's assertion of innocence, his assertion of a legal defense to the charge, the knowing and voluntary nature of his plea, the quality of legal assistance he received, and the benefit he received from entering into the plea agreement. Based on the court's findings, we hold the district court did not err in concluding a fair and just reason was not established, and it did not abuse its discre-

tion in denying Lium's motion to withdraw his plea of guilty.

### A. Assertion of Innocence

[¶ 19] The district court considered Lium's assertion of innocence, and after reviewing the files, records, briefs, pleadings, affidavits, and arguments, the district court found Lium failed to establish his claims of innocence. The court concluded that, "[Lium's] desire for minimal incarceration for stabbing and running down the victim does not produce a fair and just reason," and Lium "did not assert that he was innocent, only that he 'did not intend to kill anyone.'" In his letter to the court, Lium admitted he made a bad choice, stated he was pleading to charges he should initially have been charged with, and asked the court for a lesser sentence. After viewing Lium's demeanor at the change-of-plea hearing and considering the evidence in the record, the district court concluded that Lium was not attempting to withdraw his guilty plea because he was innocent, but, rather, because he wanted a less severe penalty. The district court assesses the witness's credibility, and we will not second-guess the court's credibility determinations or reweigh the evidence. *Estate of Thompson,* 2008 ND 144, ¶ 10, 752 N.W.2d 624. The district court did not err in finding Lium did not adequately assert his innocence.

### B. Assertion of a Legal Defense

[¶ 20] Lium argues the district court erred in not considering his claim of self-defense. Lium contends he asserted that he was acting in self-defense when he stabbed the victim. Lium states the victim grabbed Lium's testicles during the altercation, and Lium cut the victim to free himself. While a legally cognizable defense may be a fair and just reason, we conclude the district court did not err in finding Lium did not raise any defenses.

"[T]he mere assertion of a legal defense is insufficient; the defendant must present a credible claim of legal innocence." *United States v. Hamilton,* 510 F.3d 1209, 1214 (10th Cir.2007) (emphasis omitted). On appeal, Lium contends he asserted he was acting in self-defense when he stabbed the victim. However, Lium did not argue a claim of self-defense in the brief in support of his motion to withdraw his guilty plea, his accompanying affidavit, or at the April 9, 2007, hearing for Lium's motion to withdraw his guilty plea. The only time Lium asserted this claim of self-defense was in a post-plea letter to the court, in which he briefly stated that he "may have suffered permanent damage to [his] testicles from [the victim], which started prior to any weapon being introduced into the fight." The record supports the district court did not err in finding Lium did not raise any legal defenses.

## C. Coercion

■■■ [¶ 21] The district court found Lium had not established a fair and just reason existed because he was coerced into pleading guilty. The court found Lium voluntarily pled guilty to the lesser charges. The court reasonably concluded, based on the evidence presented, that Lium took the plea agreement to avoid a greater penalty, not because he felt threatened by his attorney. Lium never argued in his February 23, 2007, letter to the court that he was threatened. Rather, he stated he was seeking "minimal time of incarceration," he felt the State was unreasonable in regards to its sentencing recommendation, and his attorneys were "atrocious." The district court stated in its order, "[w]hen this Court took the Defendant's plea, nothing about the Defendant's demeanor indicated that his plea was anything other than voluntary as the Defendant twice stated that his plea was voluntary." The district court found no

evidence that Lium's attorney threatened to withdraw if Lium did not accept the plea agreement. Based on this record, the district court did not err in finding Lium had not established his attorney threatened to withdraw unless he pled guilty and that Lium voluntarily pled guilty.

## D. Ineffective Assistance of Counsel

■■■ [¶ 22] Lium argues his attorneys provided ineffective assistance of counsel by showing him the plea agreement only one hour before the change of plea hearing, failing to adequately communicate with Lium, and threatening to withdraw as counsel. We have already explained that the district court did not err in finding Lium did not establish his attorney threatened to withdraw. The district court found Lium's remaining claims were not supported. The district court concluded the counsel Lium received from his attorneys was "to his benefit," he was represented by "seasoned counsel," "[Lium's] claims that his attorneys did not handle his case well are unsupported," and "[t]he reduced charges negotiated by his attorneys greatly reduced the potential amount of incarceration." " 'Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty.' " *Doe,* 537 F.3d at 213 (quoting *United States v. Arteca,* 411 F.3d 315, 320 (2d Cir.2005)).

Finally, to the extent the defendant argues that his plea was involuntary as a result of trial counsel's ineffective assistance, those claims are rejected. "Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the coun-

sel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." *United States v. Arteca,* 411 F.3d 315, 320 (2d Cir.2005). To advance an ineffective assistance of counsel claim in the context of a plea, the defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "To satisfy the second prong ... in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *Id.* (citation omitted).

*Id.*

Based on the record, the district court did not err in finding Lium did not establish his attorney provided ineffective assistance of counsel. Our conclusion is based on the record before us, which does not contain any affidavits or testimony from Lium's attorneys.

### III

[¶ 23] Based on the district court's findings that Lium had not asserted his innocence or a legal defense to the charge, established he was coerced into pleading guilty, or established he received ineffective assistance of counsel, Lium did not establish a fair and just reason for withdrawing his plea. We conclude the district court did not abuse its discretion in denying Lium's motion to withdraw his guilty plea, and, therefore affirm the district court's order.

[¶ 24] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS,

DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.