# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 85

State of North Dakota,                                               Plaintiff and Appellee

v.

Jonathan James Guthmiller,                                    Defendant and Appellant

No. 20180225

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Andrew C. Eyre, Grand Forks County State's Attorney Office, Grand Forks, ND, for plaintiff and appellee.

Charles J. Sheeley, Fargo, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]    Jonathan Guthmiller appeals from a criminal judgment after he pled guilty to luring a minor by computer.  Guthmiller argues the district court abused its discretion when denying his motion to withdraw his guilty plea, and erred by failing to advise him of a mandatory period of probation.  We affirm the criminal judgment.

I

[¶2]    In April 2017 the State charged Guthmiller with luring a minor by computer after an investigation uncovered inappropriate sexual messages and photographs exchanged on the social media platform Snapchat between Guthmiller and a fifteen-year-old.

[¶3]    Guthmiller entered a plea of not guilty.  The district court scheduled trial for September 26, 2017.  The parties engaged in negotiations before trial and on September 26, 2017, Guthmiller signed a plea agreement entering a plea of guilty to luring a minor by computer.  At the change of plea hearing the district court confirmed Guthmiller was aware he was changing his plea pursuant to an agreement and advised he could proceed to trial if he or the court did not accept the plea agreement.  The court explained Guthmiller would not be able to withdraw his plea unless the court refused to sentence him in accordance with the agreement.  Guthmiller affirmed his decision to accept the plea agreement.  The district court verified Guthmiller was freely and voluntarily entering his guilty plea and asked questions to ensure Guthmiller understood his rights.  Guthmiller again told the court he desired to plead guilty.

[¶4]    Guthmiller told the court his counsel's representation was satisfactory and he was not under the influence of any intoxicants.  The State provided the factual basis

for the Alford plea and Guthmiller agreed the State could prove the factual basis beyond a reasonable doubt. The district court accepted Guthmiller's guilty plea.

[¶5] The district court ordered a presentence investigation report and sex offender evaluation, and scheduled sentencing for January 2018. The sentencing hearing was continued twice. Guthmiller moved to withdraw his guilty plea based on possible new information about purported activity on his Snapchat account. The district court requested briefing on the matter and on April 27, 2018, conducted a hearing on the motion to withdraw. The court denied the motion, finding Guthmiller failed to show a "fair and just" reason to withdraw the guilty plea. The district court also found the State would be prejudiced by allowing Guthmiller to withdraw his plea. Guthmiller was sentenced on May 14, 2018, and appealed on June 1, 2018.

II

[¶6] Rule 11(d), N.D.R.Crim.P., governs the withdrawal of a guilty plea and provides differing standards depending on the timing of a motion. *State v. Lium*, 2008 ND 232, ¶ 11, 758 N.W.2d 711. A defendant may withdraw a guilty plea at any time before the court accepts the plea. N.D.R.Crim.P. 11(d)(1)(A). A defendant also may withdraw a guilty plea after the court accepts the plea, but before sentencing, if the court rejects a plea agreement or if the defendant demonstrates a "fair and just" reason for the withdrawal. N.D.R.Crim.P. 11(d)(1)(B)(i)-(ii). "Unless the defendant proves that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence." N.D.R.Crim.P. 11(d)(2). "The decision whether a manifest injustice exists for withdrawal of a guilty plea lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion." *State v. Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law. *State v. Pixler*, 2010 ND 105, ¶ 7, 783 N.W.2d 9.

[¶7]    Guthmiller argues possible new information about purported activity on his Snapchat account is a "fair and just" reason to withdraw the guilty plea.

[¶8]    Before sentencing district courts should liberally allow defendants to withdraw a plea upon proving a fair and just supporting reason.  *Lium*, 2008 ND 232, ¶ 13, 758 N.W.2d 711.  After establishing a fair and just reason to withdraw a plea, the burden shifts to the State to establish it would be prejudiced by granting the motion. *Id*.  The State's prejudice must go beyond that found in the ordinary case.  *Id.*  Inquiry into the State's prejudice begins only after the defendant shows a fair and just cause to withdraw the plea.  *Id*.

[¶9]    The Court in *Lium* provided a nonexhaustive list of factors to determine whether a defendant has "fair and just" reason for withdrawing a plea.

> "[A]mong the factors that a district court may consider in determining whether a fair and just reason exists to withdraw a guilty plea before sentencing are: (1) the amount of time that has passed between the entry of the plea and the motion to withdraw; (2) defendant's assertion of innocence or a legally cognizable defense to the charge; (3) prejudice to the government; (4) whether the plea was knowing and voluntary; (5) whether the plea was made in compliance with Rule 11, N.D.R.Crim.P.; (6) whether adequate assistance of counsel was available to the defendant; (7) the plausibility of the reason for seeking to withdraw; (8) whether a plea withdrawal would waste judicial resources; and (9) whether the parties had reached or breached a plea agreement."

*Lium*, 2008 ND 232, ¶ 17, 758 N.W.2d 711.

[¶10]  Guthmiller argues his "fair and just" reason for withdrawal of his guilty plea relates to purported activity on his Snapchat account.  Guthmiller claims someone had control over his account, evidenced by an immediate denial of an "add" request from his brother sent during a meeting in his attorney's office.  Snapchat shows Guthmiller's account was inactive for eleven months before the purported activity. A law enforcement guide on the Snapchat website, last updated September 21, 2018, explains "some deleted accounts may still have some limited information stored

depending on various factors." Guthmiller already admitted he spoke to the victim via Snapchat during the time in question.

[¶11] From the evidence, we conclude the district court did not abuse its discretion in determining information Guthmiller claimed was new evidence did not rise to the level of "fair and just" for purposes of withdrawing a plea.


IV

[¶12] Guthmiller argues the district court committed obvious error when it failed to inform him of the mandatory five-year probation sentence.

[¶13] This Court will not address issues not adequately raised at the district court. *Kalmio v. State*, 2018 ND 182, ¶ 14, 915 N.W.2d 655. "If an appeal is taken in a case in which an evidentiary hearing was held, the appellant must order a transcript of the proceedings . . . [and] the order for a transcript . . . must be filed with the clerk of the supreme court with the notice of appeal." N.D.R.App.R. 10(b)(1). The appellant assumes the risk for the failure to file a complete transcript. *State v. Cook*, 2014 ND 18, ¶ 4, 843 N.W.2d 1. If the record does not allow for a meaningful and intelligent review of an alleged error, we will decline review of the issue. *Id.*

[¶14] Guthmiller submitted a supplemental brief on appeal addressing, for the first time, alleged obvious error when the court failed to inform him of the mandatory probationary period attached to his sentence. Guthmiller provided transcripts of the hearing for his motion to withdraw but for no other hearings. District courts often advise criminal defendants of their rights during prior proceedings in the case. *See Peltier v. State*, 2015 ND 35, 859 N.W.2d 381. A defendant who has been so advised and recalls the advice need not again be advised of those same rights during subsequent hearings. *Id.* It is possible Guthmiller was advised of the mandatory probationary period during his initial appearance on April 28, 2017, or his preliminary hearing on June 2, 2017. Guthmiller has failed to show he was not so advised, and we are unable to complete a meaningful and intelligent review of the issue without a

complete record. We decline to address Guthmiller's argument for the first time on appeal.

V

[¶15] The district court did not abuse its discretion by determining Guthmiller failed to show a "fair and just" reason for withdrawing his plea. We decline to address Guthmiller's claim the district court obviously erred by failing to advise him of a mandatory period of probation. We affirm the criminal judgment.

[¶16]   Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.