# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 208

State of North Dakota,                                    Plaintiff and Appellee

  v.

Moses Ben Yalartai,                                    Defendant and Appellant

## No. 20230065

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Nicholas S. Samuelson (argued), Assistant State's Attorney, and SheraLynn Ternes (on brief), Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Moses Ben Yalartai appeals from a criminal judgment entered after he pled guilty to gross sexual imposition. Yalartai argues the district court violated his right to self-representation and erred in denying his motion to withdraw his guilty plea. We affirm, concluding the court did not abuse its discretion in denying his motion to withdraw his guilty plea and Yalartai waived the right to challenge whether the court violated his right of self-representation by pleading guilty.

I

[¶2]   In March 2022, Yalartai was charged with three counts of gross sexual imposition and one count of contributing to the deprivation or delinquency of a minor. Attorney Tanya Johnson Martinez was appointed to represent Yalartai.

[¶3]   A jury trial was held in November 2022. After the jury was impaneled, Yalartai stated he did not want his attorney, Martinez, to represent him. Yalartai asked the district court for a continuance to enable him to hire a private attorney and to collect evidence not obtained by his attorney. The court denied the requested continuance and gave Yalartai the option to proceed with Martinez remaining as counsel or have the court determine whether he was competent to represent himself. Yalartai repeatedly stated he did not want Martinez to represent him, but also stated he was not qualified to represent himself. The district court conducted an inquiry under *State v. White Bird*, 2015 ND 41, 858 N.W.2d 642, to determine whether Yalartai was competent to represent himself. The court determined he was not competent and ordered Martinez to remain as counsel and proceeded with trial.

[¶4]   During trial, the State called the victim, E.S., to testify and offered Facebook messenger conversations between E.S. and Yalartai to be read into evidence. After E.S. provided the majority of her testimony, the district court took a short recess. Following the recess, Yalartai chose to change his plea to

guilty. Yalartai explained to the court that, over the recess, the State agreed to a plea agreement—in exchange for pleading guilty to one count of gross sexual imposition, the remainder of Yalartai's charges would be dismissed. The court advised Yalartai of his rights and conducted a colloquy required by N.D.R.Crim.P. 11 before accepting Yalartai's plea. After receiving a factual basis for the plea from the State and Yalartai, the court accepted the guilty plea, ordered a presentence investigation, and scheduled a sentencing hearing for January 9, 2023.

[¶5]  On January 6, 2023, with the assistance of newly retained counsel, Yalartai moved to withdraw his guilty plea. On January 24, 2023, a hearing on the motion to withdraw Yalartai's guilty plea was held. The district court denied Yalartai's motion to withdraw his guilty plea under the totality of the circumstances after considering a number of factors.

[¶6]  In February 2023, a sentencing hearing was held and the criminal judgment was entered. Following the entry of judgment, Yalartai appealed.

II

[¶7]  Yalartai argues the district court erred in denying his motion to withdraw his guilty plea because a fair and just reason exists to withdraw his guilty plea.

[¶8]  Rule 11(d), N.D.R.Crim.P., governs the withdrawal of guilty pleas and establishes different standards depending on when the motion to withdraw is made. "A defendant may withdraw a plea of guilty: . . . after the court accepts the plea, but before it imposes a sentence if: . . . the defendant can show a fair and just reason for the withdrawal." N.D.R.Crim.P. 11(d)(1)(B)(ii). If the defendant establishes a fair and just reason for withdrawal of the guilty plea, the burden then shifts to the State to show substantial prejudice. *State v. Guthmiller*, 2019 ND 85, ¶ 8, 924 N.W.2d 785 (citing *State v. Lium*, 2008 ND 232, ¶ 13, 758 N.W.2d 711). Under Rule 11(d), the standard of review is abuse of discretion. *See Guthmiller*, at ¶¶ 6, 11 (discussing the district court's discretion to allow withdrawal of a guilty plea under N.D.R.Crim.P. 11(d)). "A

2

court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law." *Id*. at ¶ 6.

[¶9] This Court has utilized a non-exhaustive list of factors to determine whether a defendant has shown a fair and just reason to withdraw a guilty plea:

> Among the factors that a district court may consider in determining whether a fair and just reason exists to withdraw a guilty plea before sentencing are: (1) the amount of time that has passed between the entry of the plea and the motion to withdraw; (2) defendant's assertion of innocence or a legally cognizable defense to the charge; (3) prejudice to the government; (4) whether the plea was knowing and voluntary; (5) whether the plea was made in compliance with Rule 11, N.D.R.Crim.P.; (6) whether adequate assistance of counsel was available to the defendant; (7) the plausibility of the reason for seeking to withdraw; (8) whether a plea withdrawal would waste judicial resources; and (9) whether the parties had reached or breached a plea agreement.

*Guthmiller*, 2019 ND 85, ¶ 9 (cleaned up). Yalartai argues the nine factors in *Guthmiller* weigh in favor of a fair and just reason for withdrawal of his guilty plea. The district court applied these factors in considering whether Yalartai met his burden to show a fair and just reason to withdraw his plea.

[¶10] In regard to factor 1, only two months passed between the trial where Yalartai entered his guilty plea and his filing of the motion to withdraw his guilty plea. The district court found the time between trial and the motion to withdraw was not long.

[¶11] In regard to factor 2, Yalartai argues his assertion of innocence at the motion hearing puts this factor in his favor. Yalartai presented no new evidence or legal defense to support his claim of innocence at the motion hearing that was not already discussed at trial. The district court reviewed Yalartai's assertion from trial that another cell phone, owned by his nephew, would show the communications with the victim were not coming from him. The court specifically considered the testimony of the victim identifying Yalartai at trial,

noting it was only after this evidence was received that he pled guilty. The court analogized Yalartai's assertion to *Guthmiller*, finding Yalartai's alleged evidence did not reach the level of a fair and just reason to withdraw his guilty plea. *See Guthmiller*, 2019 ND 85, ¶¶ 10-11 (concluding the district court did not abuse its discretion in determining the information claimed as new evidence—someone else controlling the defendant's social media account—did not rise to the level of "fair and just" for purposes of withdrawing a plea).

[¶12] In regard to factor 3, Yalartai argues the State faces no extraordinary prejudice in subpoenaing their witnesses and bringing them in for another trial because doing so is a normal burden for the government. The district court found prejudice to the State because this case involves a child witness who already testified about the acts done to her and would need to travel from Iowa to North Dakota to testify again.

[¶13] In regard to factors 4 and 5, Yalartai argues (1) his plea was not voluntary, and (2) the plea was not made in compliance with N.D.R.Crim.P. 11, respectively. A plea of guilty must be entered freely and voluntarily. *Davies v. State*, 2018 ND 211, ¶ 32, 917 N.W.2d 8. The district court must determine whether the plea is voluntary and did not result from force, threats, or promises other than promises in a plea agreement before accepting a plea of guilty. *Id.*; *see also State v. Storbakken*, 246 N.W.2d 78, 82 (N.D. 1976); *Moore v. State*, 2013 ND 214, ¶ 11, 839 N.W.2d 834. Yalartai argues he did not plead guilty voluntarily because he was forced to proceed with trial with Martinez as counsel. At the motion hearing, the court reviewed the transcript from the trial where Yalartai entered his guilty plea, including the colloquy under N.D.R.Crim.P. 11(b). The court summarized the change of plea proceeding as follows:

> And we came back into the courtroom and that is when I was informed that you wanted to change your plea. So this was after the victim identified you, explained the sexual acts that she engaged in with you. And I said — and you asserted your right to take this to a jury trial, this charge of Gross Sexual Imposition. And I said, "We're here today and we have impaneled a jury and we've started testimony." And I said, "And you've decided you had

4

indicated earlier that you wanted more time and I denied that request. So I just want to make sure today that you're doing this, you know, voluntarily and freely, that you're going to be, you know, withdrawing your previously entered not guilty plea." And you said, "Yes, Your Honor." And I said, "I saw that you went back with Ms. Martinez. Did you seek her counsel in this regard?" And you said, "Yes, Your Honor." And I said, "Do you feel you're fully informed in making this decision?" and you said "Yes, Your Honor." And I said, "And you understand that you could still proceed to a jury trial." You said, "Yes, Your Honor." And then I said, "But you don't want to do that. Is that right?" And you said, "Yes, Your Honor." And I said, "Do you understand the charges you're facing?" And you said, "Yes, Your Honor." And I went through the mandatory minimums again and I asked if you understood that and you said, "Yes, Your Honor." And then the State went through the factual basis. They talked about the victim's age. They talked about the sexual acts in detail and I said, "Is that what happened?" and you said "Yes." And I asked you, I said, "Now previously [sic] didn't want Ms. Martinez." I said, "Is it all right with you if Ms. Martinez stays your attorney for sentencing?" And you said, "Yes," it was.

At the change of plea, the court asked Yalartai if anyone had promised him anything or threatened him in order to plead guilty and he responded "no" to both. The court also asked whether his plea was being freely and voluntarily made, and Yalartai responded "yes." Yalartai had the opportunity to consult with counsel. The record reflects that Yalartai knowingly, intelligently, and voluntarily entered his plea of guilty and that the court substantially complied with N.D.R.Crim.P. 11(b) before accepting his plea of guilty.

[¶14] In regard to factor 6, Yalartai argues he did not want Martinez to represent him because she would not bring in certain evidence to impeach the witness. At the motion hearing, the district court considered Yalartai's argument stating: "I don't see this being an issue with ineffective assistance of counsel at all. . . . [Y]ou even stated that it wasn't that she was a bad attorney. You stated that at a few occasions during the proceedings." The court noted Martinez, as trial counsel, provided Yalartai with guidance before he entered his plea of guilty. The court found Martinez was an effective, well-prepared

5

attorney, who advocated for Yalartai at each proceeding, and tried to utilize the largely inadmissible evidence Yalartai requested to the extent possible under N.D.R.Ev. 412.

[¶15] In regard to factor 7, Yalartai argues the plausibility of the reason for withdrawing his plea is evident from his testimony stating he would rather have no attorney than Martinez and, as a result, was forced to plead guilty. The district court found Yalartai waited to plead guilty until after he heard the victim's testimony—which included personal identification of Yalartai, the details of how they met, how Yalartai looked different the first time they met, the acts they engaged in, and how he sent Ubers for the victim to bring her to his apartment—and after the court admitted evidence of Yalartai's messages with the victim.

[¶16] In regard to factor 8, Yalartai argues it is not a waste of judicial resources to have another jury trial which would allow him to cross-examine and confront the State's witnesses. The district court found, when Yalartai pled guilty at trial, the jury had been impaneled, the witnesses had been subpoenaed, and the victim had given substantial testimony; however, the court did not put great weight on this factor stating, "I'm not really focusing too much on that at this point."

[¶17] In regard to factor 9, Yalartai argues the State did not follow the terms of the plea agreement. The record does not reflect there was a written plea agreement; rather, the State agreed to a sentencing recommendation and to dismiss several charges. At the change of plea hearing, the State dismissed Counts II, III, and IV in exchange for Yalartai pleading guilty to Count I as charged and recommended a sentence. At the motion hearing, the State informed the district court its recommendation for sentencing was the same as agreed at the change of plea, but it was higher than what would have been recommended had Yalartai pled guilty prior to trial. The court did not focus heavily on this factor at the motion hearing, but acknowledged that there were some agreements between the parties.

[¶18] We conclude the district court did not abuse its discretion in weighing the factors outlined in *Guthmiller*, and did not clearly err in determining on this record that Yalartai has not met his burden to show a fair and just reason exists to withdraw his guilty plea. Because Yalartai failed to establish a fair and just reason to allow withdrawal of his guilty plea, we decline to address the second portion of the test under *Guthmiller*. *See Guthmiller*, 2019 ND 85, ¶ 8 (inquiring into the State's prejudice only after the defendant establishes a fair and just reason to withdraw the plea). Therefore, we conclude the district court did not abuse its discretion when it denied Yalartai's motion to withdraw his guilty plea.

## III

[¶19] Yalartai argues he invoked his right to self-representation at trial and the district court erred by ordering Martinez to remain as his trial counsel. A defendant has a constitutional right to self-representation. *City of Fargo v. Rockwell*, 1999 ND 125, ¶ 8, 597 N.W.2d 406. However, having determined that the district court did not err in finding Yalartai voluntarily pled guilty, we need not review separately his argument regarding the alleged violation of his right to self-representation. Yalartai did not enter a conditional plea under N.D.R.Crim.P. 11(a)(2), reserving in writing the right to appeal an adverse determination by the district court. Defendants who voluntarily plead guilty waive the right to challenge nonjurisdictional defects, including alleged violations of constitutional rights that occur before the guilty plea. *See State v. Burr,* 1999 ND 143, ¶ 29, 598 N.W.2d 147; *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

## IV

[¶20] The district court did not abuse its discretion by denying Yalartai's motion to withdraw his guilty plea after considering factors and determining he failed to show a fair and just reason for withdrawing his guilty plea.

[¶21]  We affirm the criminal judgment.

[¶22]  Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr