# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 47

State of North Dakota,                                         Plaintiff and Appellee

v.

Joseph Edward Glaum,                                    Defendant and Appellant

## No. 20230190

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Megan J. K. Essig, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Leah J. Viste (argued) and Monty G. Mertz (on brief), Fargo, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Joseph Glaum appeals following an amended criminal judgment and a district court order denying his request to withdraw his conditional guilty pleas. Glaum argues the court abused its discretion in denying his request to withdraw his guilty pleas because the court misapplied the factors to be considered for a motion to withdraw a guilty plea under N.D.R.Crim.P. 11. Glaum also alleges claims of ineffective assistance of counsel, and asserts the six issues preserved for appeal by his conditional pleas were wrongly decided by the court. He further includes a plethora of arguments not preserved in his conditional pleas. We affirm.

I

[¶2]   In October 2021, Glaum was charged with two counts of gross sexual imposition alleged to have occurred in November 2015. Trial was scheduled for March 2022. The district court rescheduled the trial several times while the action was pending based on various motions and stipulations of the parties.

[¶3]   In March 2022, the State filed a notice and brief on its intent to introduce a forensic interview of Jane Doe under N.D.R.Ev. 803(24). Glaum responded objecting to the motion. Before the district court ruled on the motion, a change of plea hearing was scheduled, and on August 18, 2022, a written plea agreement was filed indicating Glaum intended to plead guilty to two counts of gross sexual imposition.

[¶4]   On August 30, 2022, David Dusek moved to withdraw as Glaum's trial counsel. A change of plea hearing was held on September 6, 2022, during which Glaum requested a different attorney. The district court granted Glaum's request for a new court-appointed attorney and Dusek's motion to withdraw. No action was taken on the written plea agreement. On September 8, 2022, Tyler Morrow was assigned as Glaum's court-appointed counsel.

1

[¶5]   In November 2022, Glaum filed a motion requesting "hybrid" counsel, alleging Dusek and Morrow failed to communicate with him and collect evidence, and stated that he was supposed to have a speedy trial. The district court denied the motion for failure to comply with Rule 3.2, N.D.R.Ct.

[¶6]   The district court scheduled a hearing on the State's motion to introduce 803(24) evidence for January 20, 2023. On January 3, 2023, the State filed a notice of additional witnesses. On January 12, 2023, Glaum, on his own behalf, filed a demand for change of judge and another motion for hybrid counsel. On January 19, 2023, the State provided notice of its witnesses, filed a notice of intent to introduce evidence of Glaum's prior acts under N.D.R.Ev. 404(b), and responded to Glaum's request for hybrid counsel and demand for change of judge. On January 20, 2023, the State moved to amend the information to add the two additional witnesses, and a motion hearing was held the same day. On the record and in its order, the court: denied Glaum's motion for hybrid counsel; denied Glaum's demand for change of judge; and took under advisement the State's motion to introduce evidence under Rule 803(24).

[¶7]   On January 23, 2023, a status conference was held. At the beginning of the status conference, Glaum stated he still wished to proceed to trial. The district court ruled the second forensic interview of Jane Doe was admissible at trial under Rule 803(24). The court then granted the State's motion to amend the information to add witnesses. Morrow moved to continue the trial based on the court granting the State's motion to amend the information. The court denied the motion and granted the State's motion to introduce evidence of Glaum's prior acts under N.D.R.Ev. 404(b), ruling evidence of Glaum's grooming behavior and domestic violence perpetrated against Jane Doe was admissible. On the afternoon of January 23, 2023, Glaum informed the court through counsel that he wished to change his plea, and a change of plea hearing was held. At the hearing, Glaum entered conditional *Alford* pleas to both counts of gross sexual imposition, preserving six issues for appeal. The court accepted Glaum's pleas after finding they were made knowingly, voluntarily, and intelligently.

[¶8]   In February 2023, Glaum filed letters on his own behalf with the district court requesting to withdraw his guilty pleas, asserting ineffective assistance of counsel claims on the part of Dusek and Morrow, objecting to the State's introduction of evidence, and alleging various constitutional violations.

[¶9]   In March 2023, Glaum again filed a letter with the district court discharging Morrow as his counsel, alleging a conflict of interest. Morrow then moved to withdraw as counsel. On April 23, 2023, the court granted Morrow's motion to withdraw. On May 10, 2023, Mark Beauchene filed a notice of limited appearance as Glaum's counsel. Through counsel, Glaum filed a request to address his motion to withdraw his guilty pleas prior to sentencing. A sentencing hearing was scheduled for May 11, 2023.

[¶10] On May 10, 2023, the day before the sentencing hearing, the parties entered, and the district court accepted, the written agreement for entry of conditional guilty pleas supporting the guilty pleas previously entered on the record in January 2023. At the sentencing hearing, the court noted the procedural defects in Glaum's motions to withdraw his guilty pleas, but addressed the request on the merits applying the factors set forth in *State v. Lium*, 2008 ND 232, 758 N.W.2d 711. The court denied Glaum's request to withdraw his guilty pleas under the totality of the circumstances. Glaum was sentenced, and following entry of an amended judgment, appealed.

II

[¶11] Glaum argues the district court abused its discretion in denying his motion to withdraw his guilty pleas because a fair and just reason exists to withdraw his guilty pleas and the State is not substantially prejudiced by withdrawal of his guilty pleas.

[¶12] The withdrawal of guilty pleas is governed by Rule 11(d), N.D.R.Crim.P. The standard of review is abuse of discretion. *See State v. Yalartai*, 2023 ND 208, ¶ 8, 997 N.W.2d 609. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law." *Id.* (quoting *State v. Guthmiller*, 2019 ND 85, ¶ 6, 924 N.W.2d 785). This Court has utilized a non-exhaustive list of factors to

3

determine whether a defendant has shown a fair and just reason to withdraw a guilty plea:

> Among the factors that a district court may consider in determining whether a fair and just reason exists to withdraw a guilty plea before sentencing are: (1) the amount of time that has passed between the entry of the plea and the motion to withdraw; (2) defendant's assertion of innocence or a legally cognizable defense to the charge; (3) prejudice to the government; (4) whether the plea was knowing and voluntary; (5) whether the plea was made in compliance with Rule 11, N.D.R.Crim.P.; (6) whether adequate assistance of counsel was available to the defendant; (7) the plausibility of the reason for seeking to withdraw; (8) whether a plea withdrawal would waste judicial resources; and (9) whether the parties had reached or breached a plea agreement.

*Guthmiller*, 2019 ND 85, ¶ 9 (cleaned up) (relying on *Lium,* 2008 ND 232, ¶ 17).

[¶13] Upon review of the record, the district court did not abuse its discretion in weighing the factors outlined in *Lium*, and did not clearly err in determining on this record that Glaum did not meet his burden to show a fair and just reason to withdraw his conditional guilty pleas. Because Glaum failed to establish a fair and just reason to allow withdrawal of his conditional guilty pleas, we decline to address whether the State would have been substantially prejudiced by withdrawal of his conditional guilty pleas. *See Guthmiller*, 2019 ND 85, ¶ 8 (this Court will inquire into the State's prejudice only after the defendant establishes a fair and just reason to withdraw the plea).

[¶14] We summarily affirm the district court's order denying Glaum's withdrawal of guilty pleas under N.D.R.App.P. 35.1(a)(2) and (4).

III

[¶15] In his supplemental statements on appeal, Glaum alleged he received ineffective assistance from two of his trial attorneys, David Dusek and Tyler Morrow. Glaum claimed his attorneys failed to: (1) communicate with him, (2) interview or subpoena witnesses, (3) file suppression motions, (4) collect evidence, and (5) assert his rights.

4

[¶16] Glaum has not pointed to any evidence in the record supporting these claims. We have previously noted the difficulty in addressing ineffective assistance of counsel claims on direct appeal:

> [A]n ineffective assistance of counsel claim should not be brought on direct appeal. Ineffective assistance of counsel claims are best brought in a post-conviction relief proceeding where the parties are able to fully develop the record. When a claim is raised on direct appeal, we review the record to determine if counsel was plainly defective. When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made.

*State v. Keener*, 2008 ND 156, ¶ 13, 755 N.W.2d 462 (cleaned up).

[¶17] We conclude the record is inadequate to determine Glaum's ineffective assistance of counsel claims, but the issue may be pursued in a postconviction claim where an adequate record can be made. *See State v. Demerais,* 2021 ND 174, ¶ 3, 964 N.W.2d 730; *State v. Atkins*, 2016 ND 13, ¶ 9, 873 N.W.2d 676; *State v. Blurton*, 2009 ND 144, ¶ 21, 770 N.W.2d 231.

IV

[¶18] In his supplemental statements on appeal, Glaum presents six issues preserved for appeal. Neither the Appellant's brief nor the Appellee's brief address the issues raised in Glaum's supplemental statements.

[¶19] A defendant reserves the right to appeal non-jurisdictional claims and defenses when the defendant enters a conditional plea of guilty under N.D.R.Crim.P. 11(a)(2). *State v. Legare*, 2019 ND 276, ¶ 9, 935 N.W.2d 773; *see Blurton*, 2009 ND 144, ¶ 18); *see also State v. Barnes*, 2015 ND 64, ¶¶ 7-8, 860 N.W.2d 466. Rule 11(a)(2), N.D.R.Crim.P., states:

> (2) *Conditional Plea*. With the consent of the court and the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. The defendant, any defendant's attorney, and the prosecuting

5

attorney must consent in writing to a conditional plea filed with the court. If the court accepts the conditional plea, it must enter an order. The resulting judgment must specify it is conditional. A defendant who prevails on appeal must be allowed to withdraw the plea.

[¶20] Here, Glaum entered conditional *Alford* pleas under N.D.R.Crim.P. 11(a)(2), reserving in writing his right to appeal adverse determinations by the district court on six issues reserved for appeal: (1) the denial of Glaum's demand for change of judge; (2) the lack of a speedy trial; (3) granting the State's motion to amend the information to add two witnesses in January 2023; (4) the denial of Glaum's motion to continue trial in January 2023; (5) granting the State's motion to introduce the forensic interview of Jane Doe under N.D.R.Ev. 803(24); and (6) granting the State's motion to introduce prior acts of Glaum.

A

[¶21] Glaum alleges his demand for change of judge was improperly denied because the judge was biased.

[¶22] In regard to judicial bias, we have said:

> The rules of judicial conduct provide that a judge is required to avoid impropriety and the appearance of impropriety in all the judge's activities. The law presumes a judge is unbiased and not prejudiced. We have said a ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification. The test for the appearance of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality.

*Woodward v. Woodward,* 2010 ND 143, ¶ 9, 785 N.W.2d 902 (cleaned up).

[¶23] A district court's decision on a motion for recusal is reviewed under the abuse of discretion standard. *See, e.g.*, *Rath v. Rath*, 2013 ND 243, ¶ 14, 840 N.W.2d 656; *Murchison v. State,* 2011 ND 126, ¶ 3, 799 N.W.2d 360; *Citibank (South Dakota), N.A. v. Peterson,* 2011 ND 86, ¶ 9, 797 N.W.2d 312.

6

[¶24] Glaum cites no relevant legal authority supporting his claim that the district court abused its discretion in denying his demand that the judge recuse himself based on bias or prejudice. Regarding a demand for change of judge based on bias, we have said:

> While "a judge has a duty to recuse when required by the Code of Judicial Conduct, a judge also has an equally strong duty not to recuse when the circumstances do not require recusal." *Rath v. Rath*, 2016 ND 46, ¶ 31, 876 N.W.2d 474. Rule 2.7, N.D. Code Jud. Conduct, requires the assigned judge to hear and decide all matters assigned to the judge, unless disqualification is required or otherwise provided by law.

*Chisholm v. State*, 2019 ND 70, ¶ 15, 924 N.W.2d 127.

[¶25] Here, Glaum filed a demand for change of judge alleging Judge McCarthy was biased. The relevant portion of Glaum's demand states:

> I am aware that Judge McCarthy previously worked in the Grand Forks county State attorney office and now is a District Court Judge in the same county. I feel this constitutes a conflict of interest. As previous work relationships normally foster an environment Not conducive to transparency and non-biased opinions due to the close working conditions, friendships outside and inside the above mentioned working dynamic.
>
> I am aware of and have evidence to show that Jason McCarthy has made inappropriate comments in court. I believe this violates [sic] code of Judge ethics.
>
> Upon my initial appearance in front of Jason McCarthy from the jail I asked him to waive the reading of the information out loud to which he refused and read it anyway crushing the idea of innocent until proven guilty and causing me to be extorted while in "staging" at the jail.

In his supplemental statement on appeal, Glaum also argues his sentence, which was longer than recommended by the State, shows the judge was biased against him.

[¶26] At the pre-trial motion hearing, the district court reviewed Glaum's demand. Regarding the allegations of bias, Judge McCarthy stated in relevant part:

> I have nothing to do with the State's Attorney's Office. I haven't worked there for years; so I don't have a conflict of any kind. And the Court also reviewed the letters or whatever you wrote from a couple of people about some comments I allegedly made, and those aren't true. I'm just telling you that. But for the record, I'm saying that whatever they said is not true. And if it were, there should be a record of it because we record everything in court. Okay?

The court denied the demand on the record, maintaining the judge was not biased. Without any evidence in the record to the contrary, the explanation is sufficient to conclude that the court did not abuse its discretion denying Glaum's demand for change of judge based on allegations of bias.

B

[¶27] Glaum alleges his right to a speedy trial under the federal constitution was violated.

[¶28] "A criminal defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by N.D. Const. art. I, § 12." *State v. Owens*, 2015 ND 68, ¶ 8, 860 N.W.2d 817. This Court applies the balancing test announced in *Barker v. Wingo,* 407 U.S. 514 (1972), to evaluate the validity of a speedy trial claim under the United States Constitution. *State v. Hall*, 2017 ND 124, ¶ 11, 894 N.W.2d 836.

[¶29] The test requires balancing four factors: length of the delay, reason for the delay, proper assertion of the right, and actual prejudice to the accused. *State v. Murchison*, 541 N.W.2d 435, 438 (N.D. 1995) (citing *Barker*, 407 U.S. at 531-33). In *Barker*, the Supreme Court of the United States held:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may

be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

407 U.S. at 533. This Court reviews a district court's speedy trial decision de novo, and the district court's findings of fact under the clearly erroneous standard of review. *State v. Moran*, 2006 ND 62, ¶ 8, 711 N.W.2d 915. A delay of one year or more is "presumptively prejudicial," which triggers an analysis of the other speedy trial factors. *Id.* at ¶ 9 (quoting *Doggett v. United States,* 505 U.S. 647, 651-52 (1992)).

[¶30] Here, Glaum has not cited to the record where he invoked his right to a speedy trial. Although it is part of his conditional pleas, the closest thing in the record to an invocation of the right is in his motions for hybrid counsel where he stated: this case was supposed to be a speedy trial. The district court denied his first motion for failing to comply with Rule 3.2, N.D.R.Ct., and denied his second motion for hybrid counsel without addressing speedy trial issues. When given an opportunity to address the court on the motion for hybrid counsel, Glaum made no mention of being denied his right to a speedy trial.

[¶31] We first address the length of delay. Because there are no findings of fact, we have reviewed the record de novo. Glaum was charged in October 2021, his guilty pleas were entered in January 2023, and judgment was entered in May 2023. His case was pending for more than one year making it presumptively prejudicial. The analysis does not end there. The *Barker* test requires balancing of all four factors: length of the delay, reason for the delay, proper assertion of the right, and actual prejudice to the accused.

[¶32] Considering the reasons for delay, the record indicates several reasons why the trial was delayed. Trial was initially scheduled for March 2022. In January 2022, Glaum requested an evaluation to determine whether he was fit to proceed to trial, and the district court granted a stay based on a stipulation of the parties. At a hearing in early March 2022, Glaum's attorney

requested a new dispositional date which was scheduled for May 2022. At the dispositional conference in May, Glaum's attorney requested the trial be reschedule for August 2022 to allow him to coordinate the attendance of witnesses, some of whom were out of state. The trial was rescheduled for August 2, 2022. A dispositional conference was held July 12, 2022, that resulted in another continuance. Glaum has not provided a transcript of this hearing so we are unable to discern why the trial was continued from its August 2, 2022 date. If an appellant fails to provide a transcript he assumes the risks and consequences of such failure. *State v. McGinnis*, 2022 ND 46, ¶ 7, 971 N.W.2d 380 (relying on *State v. Hilgers*, 2004 ND 160, ¶ 19, 685 N.W.2d 109). On September 6, 2022, at a hearing scheduled for a change of plea, Glaum requested a new attorney. New counsel was appointed and a scheduling order was issued setting the trial for October 11, 2022. Glaum's new attorney then filed paperwork with the court indicating a conflict of interest. New counsel was again appointed. On October 5, 2022, the parties stipulated to a continuance because a witness was unavailable for a pretrial motion hearing, and newly appointed counsel had not had sufficient time to prepare for trial. Based in part on defense counsel's availability, the trial was rescheduled for January 24, 2023. Glaum entered *Alford* pleas on January 23, 2023. After accepting the pleas, the court ordered a presentence investigation which was expected to take approximately 90 days to complete and scheduled the sentencing hearing for May 8, 2023. After fully reviewing the record, most of the delays in this case were attributable to requests made by Glaum or on his behalf. Glaum has not shown this factor indicates his right to a speedy trial was denied.

[¶33] Considering whether Glaum properly asserted his speedy trial right, as previous noted, Glaum only mentioned his speedy trial right in passing in his motions for hybrid counsel, and did not affirmatively assert his right to a speedy trial. A defendant does not waive his constitutional right to a speedy trial by failing to assert it, but his failure to do so requires a much stronger showing on the other factors to succeed on his claim. *See United States v. Reyes*, 24 F.4th 1, 30 (1st Cir. 2022) (relying on *RaShad v. Walsh,* 300 F.3d 27, 34 (1st Cir. 2002) (citing *Barker,* 407 U.S. at 532)). It is hard to fault the district court for not setting the case for trial sooner when Glaum never asked the court for

10

a speedy trial, did not move to dismiss the case, or otherwise argue his speedy trial right had been violated. Glaum has not shown this factor indicates his right to a speedy trial was denied.

[¶34] Regarding prejudice, Glaum has not adequately articulated how he was prejudiced by the delay. In his supplemental statement on appeal, he states: "Lack of speedy trial caused issues with this case. . . . Glaum[']s incarceration was about 16 months, truly prejudicing him." In order to establish actual prejudice, a defendant must link his loss of liberty with specific prejudice regarding the right to a fair trial. *Hall*, 2017 ND 124, ¶ 14. Glaum has not shown this factor indicates his right to a speedy trial was denied.

[¶35] A party raising a constitutional challenge must fully brief the issue. *State v. Bergstrom*, 2004 ND 48, ¶ 19, 676 N.W.2d 83. Other than citation to some federal cases discussing the *Barker* factors, Glaum failed to fully address how he asserted his right, the length and reasons for delay, or actual prejudice to him. Balancing the *Barker* factors—the accused's assertion of his right to a speedy trial, the length of the delay, the reason for the delay, and whether there was any prejudice to the accused—under our de novo standard of review, Glaum has not shown a violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution.

C

[¶36] Glaum asserts the district court erred granting the State's motion to amend the information. He further asserts the court erred in denying his motion for continuance following the amendment because it deprived him of a fair trial.

[¶37] Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the trial court may permit an information to be amended at any time before the verdict or finding. N.D.R.Crim.P. 7(e). "This Court reviews a district court's decision to allow the State to amend the information under the abuse of discretion standard." *State v. Carlson*, 2016 ND 130, ¶ 6, 881 N.W.2d 649 (quoting *State v. Hammer*, 2010 ND 152, ¶ 26, 787 N.W.2d 716). Likewise, the abuse of discretion standard applies when

11

reviewing a court's denial of a continuance. *See State v. Ripley*, 2009 ND 105, ¶ 12, 766 N.W.2d 465. "A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Carlson*, at ¶ 6 (quoting *Hammer*, at ¶ 26).

[¶38] At the pre-trial conference on January 23, 2023, the district court considered the State's motion to amend the information to include two additional witnesses. During the hearing, defense counsel moved for a continuance, arguing the State's late disclosures of witnesses and amending of the information to endorse the witnesses prejudiced the defendant. The State responded that Glaum had previous notice of these witnesses in discovery. The court granted the State's motion to amend the information and denied the continuance. In granting amendment of the information, the court found there was not sufficient prejudice to the defendant because the witnesses to be endorsed were previously disclosed. In denying the continuance, the court relied on Rule 7, N.D.R.Crim.P., and determined the State and the alleged victim had an interest in having the case brought to trial in a timely fashion due to the nature of the offense.

[¶39] Rule 7(g), N.D.R.Crim.P., states:

> When an indictment or information is filed, the names of all the witnesses on whose evidence the indictment or information was based must be endorsed on it before it is presented. The prosecuting attorney, at a time the court prescribes by rule or otherwise, must endorse on the indictment or information the names of other witnesses the prosecuting attorney proposes to call. *A failure to endorse those names does not affect the validity or sufficiency of the indictment or information*, but the court in which the indictment or information was filed must direct the names of those witnesses to be endorsed on application of the defendant. *The court may not allow a continuance because of the failure to endorse any of those names unless the application was made at the earliest*

12

*opportunity* and then *only if a continuance is necessary in the name of justice.*

(Emphasis added.)

[¶40] Here, the endorsed witnesses were disclosed to defense in discovery, and Glaum failed to convince the district court he was prejudiced. The court was weighing the rights of the victim and whether a continuance was necessary in the interests of justice. Based on a review of the record, the court did not act in an arbitrary, unreasonable, or unconscionable manner, or misinterpret or misapply the law. We conclude the court did not abuse its discretion in granting the State's motion to amend the information and denying Glaum's motion for continuance.

### D

[¶41] Glaum alleges the district court abused its discretion granting the State's motion to allow a forensic interview under N.D.R.Ev. 803(24). Glaum also alleges the court abused its discretion granting the State's motion to allow evidence under N.D.R.Ev. 404(b). Glaum does not provide citations to the record or applicable legal authority showing how the court abused its discretion in ruling this evidence was admissible.

[¶42] When a party fails to provide supporting argument for an issue he is deemed to have waived that issue. *State v. Riggin*, 2021 ND 87, ¶ 16, 959 N.W.2d 855 (quoting *State v. Obrigewitch*, 356 N.W.2d 105, 109 (N.D. 1984)). This Court does not consider arguments that are not adequately articulated, supported, and briefed on appeal. *See State v. Nelson*, 2023 ND 246, ¶ 12, 999 N.W.2d 632 (referencing *State v. Bachmeier*, 2007 ND 42, ¶ 10, 729 N.W.2d 141). We decline to address these issues raised by Glaum because they have not been adequately supported by argument.

### V

[¶43] Glaum alleges a number of additional errors made by the district court, none of which are jurisdictional claims. Because he did not preserve the issues in his conditional pleas, these issues were waived by his pleading guilty.

Therefore, these arguments will not be addressed on appeal. *See Legare*, 2019 ND 276, ¶ 10 (a defendant waives all non-jurisdictional claims and defenses by pleading guilty, unless he preserved those issues in a conditional *Alford* plea).

## VI

[¶44]  We affirm the amended criminal judgment.

[¶45]  Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr